LANDRY, Judge.
The heirs (brothers and sisters) of Lorraine Roberts Kerr (Decedent), appeal from judgment decreeing valid a testamentary trust established by Decedent’s olographic will, confirming Fidelity National Bank of Baton Rouge as Trustee and confirming Decedent’s sister, Sara Fryoux, as provisional administratrix of Decedent’s estate. We affirm.
The sole issue presented is whether Decedent established a testamentary trust by her will or whether the testament attempted to modify or terminate a prior inter vivos trust contrary to the provisions of La.R.S. 9:2051.
The testament, which is stipulated to be valid in form, provides as follows:
*541 “ Baton Rouge La.
Oct. 25,1976.
3/8/77
This is my last will and Testament. Naming Fidelity National Bank as Trustee of my estate. I would like my trust fund irrevocable. My house, car and .anything of value to be sold and the proceeds deposited to the trust. Savings certificate at Baton Rouge Savings and Loan when it matures will also go into the Trust. Brother Emory A. Roberts, Dolores Jones, to share the earnings equally, by year Dec. 31.
My rings I valued about $6,000 and one at $1,000.
March 11, 1977 — Adjusted
S/ M. Lorraine R. Kerr
S/ Maeta L. Roberts Kerr”
Prior to executing the aforesaid testament, Decedent, on July 30, 1974, established an inter vivos trust. It is stipulated that this inter vivos trust was valid and it is also stipulated that it contained the following pertinent terms and provisions: Decedent named herself as both income and principal beneficiary; Fidelity National Bank (Appellee) was named Trustee; the corpus consisted principally of shares of stock in several corporations; the trust was revocable by Settlor at any time and, if not revoked previously, was made revocable on Settlor’s death; and, Trustee was required to distribute the corpus to Settlor’s heirs if the trust were terminated by Settlor’s death.
In addition to stipulating the validity of Decedent’s olographic will, it is also stipulated that Decedent “had deleted the names of Doska Eaves and Ella R. Jones by striking through them and putting in the margin ‘3/8/77’ and added above her signature ‘March 11, 1977 — adjusted M. Lorraine R. Kerr.’ ”
There can be no question but that a valid olographic will may be the instrument for creation of a testamentary trust.
La.R.S. 9:1751 provides:
“A testamentary trust may be created only in one of the forms described by the laws regulating donations mortis causa.”
Conceding Decedent’s testament to be an olographic will valid as to form, Appellants maintain, nevertheless, that the testament does not establish a testamentary trust but is rather an ineffective attempt to modify, terminate or revoke the prior inter vivos trust. More particularly, Appellants contend that the will does not conform to the rules governing modification, termination and revocation of trusts as set forth in La.R.S. 9:2051, which states:
“A modification, termination, or revocation of a trust by the settlor, or a modification or termination by the person to whom the right has been delegated shall be by authentic act or by act under private signature executed in the presence of two witnesses and duly acknowledged by the settlor or by the person to whom the right to modify or to terminate has been delegated or by the affidavit of one of the attesting witnesses. Modification, termination, or revocation is not effective as to the trustee until a copy of the authentic act or a copy of the acknowledged act is received by him.”
We find nothing in the language of Section 2051 indicative of intent to alter the requirements of form applicable to creation of a testamentary trust. We note the comment to R.S. 9:2051, which states that the formalities governing modification, termination, or revocation of trusts are the same as those imposed by La.R.S. 9:1752 respecting creation of inter vivos trusts and the alienation or encumbrance of a beneficiary interest.
We find that the trial court properly rejected Appellants’ contention that the testament sought merely to modify, terminate or revoke the prior inter vivos trust. We so find because the inter vivos trust, by its own provisions, terminated upon Decedent’s death. We agree with the trial court’s determination that the language in Decedent’s will established an entirely new testamentary trust whose terms differ greatly from those of the former inter vivos trust. In her testament, Decedent placed all of her assets in trust, whereas the inter vivos trust included only certain stocks. Additionally, we find that the language employed in the testament meets the requirements of La. R.S. 9:1753 concerning the terminology required to indicate intent to create a trust as follows:
*542 “No particular language is required to create a trust, but it must clearly appear that the creation of a trust is intended. A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the trust instrument is susceptible of such an interpretation.”
The rule of interpretation applicable in cases of this nature is that the courts should construe a trust instrument to sustain the validity of the trust if such a construction is reasonable in view of the language appearing therein. Achille Guibet v. St. Amant, 253 La. 243, 217 So.2d 385 (1968).
In this instance, the language of the trust instrument is clearly to the effect that testatrix intended to create a testamentary trust.
The judgment of the trial court is affirmed, Appellants to pay all costs incident to this matter both in the trial court and on appeal.
Affirmed.