CARTER, Judge.
This is a suit for declaratory judgment filed by Louisiana National Bank of Baton Rouge (LNB), testamentary executor of the succession of Mabel Washburn Stoneman, seeking a declaration of the rights of some of decedent’s legatees.
FACTS
The decedent, Mabel Washburn Stone-man, died testate on October 10,1982, leaving no issue and having been predeceased by her husband. The decedent’s statutory will, dated December 14, 1971, provided, in pertinent part, as follows:
II.
BB. I give and bequeath to the E. Leland Richardson Trust Fund $10,-000.00 for the benefit of Robert L. Modjeski, Jr., Leland Modjeski and Thomas Stoneman Modjeski.
* * * * * *
A. In the event that any legatee named in Parts B through CC inclusive, of Article II, predeceases me or is not in existence at the time of my death, or if any such legacy is for any reason considered a lapsed legacy, then I give and bequeath such legacy in outright ownership, share and share alike, to those of the following named persons who survive me:
* # ⅝ * * *
8. The E. Leland Richardson Trust Fund for Robert L. Modjeski, Jr., Leland Modjeski and Thomas Stoneman Modjeski.
B. In the event that Dansby Cowan Washburn and Naomi Trembly Wash-burn both predecease me, then I give and bequeath the sum of $100,000.00 share and share alike, to the persons named in subparagraph 1 through 8, both inclusive, of paragraph A of this Article who survive me.
C. All of the rest of my residuary estate I give and bequeath to the following persons and Trust Fund:
* * * * * *
(c) Conjointly to Mrs. Lille Weeman Adams, Jerry Weeman Adams, Juanita Dodgen Fleming, Edwin Thomas Fleming, Gail Fleming Moore and E. Leland Richardson Trust Fund for Robert L. Modjeski, Jr., Leland Modjeski and Thomas Stoneman Modjeski, all of the balance of my estate.
At the time of decedent’s death, many of the testamentary legatees had predeceased her, resulting in numerous lapsed legacies.
Prior to executing the aforementioned testament, decedent, on December 15,1965, had established an inter vivos trust. This inter vivos trust was entitled “TRUST FOR Robert Lenard Modjeski, Jr., Leland William Modjeski and Thomas Stoneman Modjeski,” and contained the following terms and provisions: the total amount of the donation to the trust was $9,000.00; *335 the term of the trust was until each of the Modjeski children reached twenty-one years of age; and the trust was established to educate the Modjeski children.
Decedent’s will was probated on November 24, 1982. Thereafter, various legatees were placed in possession of certain succession assets. On November 8, 1983, LNB filed a petition for declaratory judgment seeking to establish the status of the trust referred to in the testament and to declare the rights of all legatees named in Part BB, Article II, in the second Part A of Article II and in the second Part C of Article II of decedent’s testament.
The trial judge determined that the E. Leland Richardson Trust Fund for the benefit of Robert Lenard Modjeski, Jr., Leland William Modjeski and Thomas Stoneman Modjeski was a valid testamentary trust, created by decedent by a donation mortis causa. The trial judge also determined that the testamentary trust was not the same trust which had been created by decedent as an inter vivos trust on December 15, 1965.
From this judgment, the other legatees appeal, assigning the following specifications of error:[1]
1. The Trial Court erred in finding that the decedent, Mrs. Mabel Stoneman, did not intend the four bequests unto the ‘E. Leland Richardson Trust Fund for the benefit of Robert L. Modjeski, Jr., Leland Modjeski, and Thomas Stoneman Modjeski’ to go to the inter vivos trust she had established on December 15, 1965.
2. The Trial Court erred in finding that the language used by the decedent in her last will and testament showed an intention to create a new testamentary trust.
3. In the alternative, the Court erred in holding that these bequests in the decedent’s will to the ‘E. Leland Richardson Trust Fund for the benefit of Robert L. Modjeski, Jr., Leland Modjeski, and
Thomas Stoneman Modjeski’ satisfy and are adequate for the establishment of a valid testamentary trust.
DISCUSSION
LSA-R.S. 9:1751 provides:
A testamentary trust may be created only in one of the forms prescribed by the laws regulating donations mortis causa.
It is well settled that a statutory will may be the instrument for creation of a testamentary trust. See LSA-R.S. 9:2442 et seq.
Appellants, however, maintain that the testament does not establish a testamentary trust, but is a donation mortis causa to the inter vivos trust created in 1965. Appellants reason that since the inter vivos trust created in 1965 has expired by its own terms (all the beneficiaries having reached the age of twenty-one), the legacies to such trust have lapsed.
A trust is a relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another. LSA-R.S. 9:1731; St. Charles Land Trust, Achille Guibet v. St. Amant, 253 La. 243, 217 So.2d 385 (1968). LSA-R.S. 9:1802 requires that the beneficiary be designated in the instrument creating the trust in a manner sufficient to objectively ascertain the identity of the beneficiary. Further, the beneficiary must be in being and ascertainable on the date of the settlor’s death. LSA-R.S. 9:1803 and 1821.
LSA-R.S. 9:1753 provides:
No particular language is required to create a trust, but it must clearly appear that the creation of a trust is intended.
A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the trust instrument is susceptible of such an interpretation.
*336 See also Succession of Kerr, 360 So.2d 540 (La.App. 1st Cir.1978). It suffices if the instrument as a whole reflects the intent to establish a trust. St. Charles Land Trust, Achille Guibet v. St. Amant, supra.
The rule of interpretation applicable in cases of this nature is that the courts should construe a trust instrument to sustain the validity of a trust if such construction is reasonable in view of the language appearing therein. Succession of Kerr, supra. In other words, when it can reasonably do so, the court should construe the trust instrument to sustain the validity of the trust. St. Charles Land Trust, Achille Guibet v. St. Amant, supra.
In the case sub judice, the trial judge concluded that decedent had, in her will, created a testamentary trust and had not made a donation to the inter vivos trust established in 1965. Accordingly, the trial judge determined that the legacies to this new trust had not lapsed and that the E. Leland Richardson Trust Fund for the benefit of Robert L. Modjeski, Jr., Leland Modjeski and Thomas Stoneman Modjeski was entitled to such legacies. We agree.
The language of the decedent’s testament clearly reveals that she transferred $10,000.00 to establish a testamentary trust, namely, the “E. Leland Richardson Trust Fund” for the benefit of the three Modjeski children, indicating a desire and intention on the part of the decedent to bequeath the funds in trust to the named beneficiaries. Likewise, the transfer of a proportionate interest in the lapsed and residual legacies to the trust found in the second Part A of Article II and in the second Part C of Article II of decedent’s testament support this conclusion. Although the testamentary trust fails to name a trustee, define his duties, fix the term of the trust, or provide a purpose for the trust, these omissions do not thwart the creation of the trust. See LSA-R.S. 9:1785. In the absence of such stipulations in the trust instrument, they are provided for by operation of law in the Trust Code, LSA-R.S. 9:1721 et seq.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.

. Although we will not address each of appellants’ assignments of errors individually, the opinion addresses all issues raised.