BLANCHE, Judge.
This case was remanded to this Court to rule on the merit of the intervenor’s appeal from the judgment of the trial court awarding attorney’s fees and legal interest.
This Court had held that the beneficiaries of a trust were indispensable parties to an action brought against the trust. Succession of Harleaux, 351 So.2d 1267 (La.App. 1st Cir. 1977).
In remanding the case, the Supreme Court stated:
“Rather than reinstate the trial court’s judgment in favor of plaintiff and against the trustee awarding attorney’s fees in the sum of $2,218.30 plus legal interest, we find it necessary to remand the case to the Court of Appeal which because of its disposition of the case did not reach the issue of the propriety of that judgment. That issue is properly presented by the appeal taken by interve-nors. * * * ”
As a footnote to the above statement, the Supreme Court wrote:
“While an intervenor may not retard the progress of a suit by excepting to the form of the proceedings he may, like a person who could intervene [C.C.Pr. Art. 2086], appeal an adverse judgment.”
In view of the fact that in the original rule the trustee was the defendant and made no objection to the proceedings, we are in accord with the trial court judgment which awarded the law firm of Osborne and Richard the sum of $2,218.30 plus legal interest from June 23, 1975, against the American Bank & Trust Company in its capacity as trustee of the William W. Har-leaux trust. Accordingly, we so order this portion of the trial court judgment to be made final.
For these reasons, that portion of the judgment of the trial court awarding attorney’s fees and legal interest is affirmed. All costs are to be taxed equally between appellants, Florence B. Harleaux, William W. Harleaux, Jr., and Linda Harleaux Spottsville, and appellees, Osborne and Richard.
AFFIRMED.