DOMENGEAUX, Judge.
This suit arose as the result of a mortgage executed on December 18, 1979, by Security First National Bank (Security) as co-trustee of the Ann Blackman Gutierrez Trust. The mortgage in question secured a loan extended by the Federal Land Bank of New Orleans, (now known as the Federal Land Bank of Jackson and hereinafter referred to as the Bank) to Edward D. Gutierrez. The Bank, allegedly as the result of Gutierrez’s default in repayment, brought this action, via ordinary process, seeking a money judgment against Gutierrez, and recognition and enforcement of the mortgage, against, inter alia, Security and Dr. M.E. Gutierrez as co-trustees of the trust consisting of the John S. Gutierrez, Mary Elaine Gutierrez and Norma Ann Gutierrez Trust for purposes of administration.
Subsequent to the execution of this mortgage, but prior to the institution of these proceedings, Security petitioned the Ninth. Judicial District Court to be replaced as a co-trustee. Pursuant to an order of the court issued on December 18, 1980, Security was relieved of its responsibilities as a co-trustee. Substituted in Security’s stead, and currently a co-trustee, is Effie Jewel Scarber.
Upon receipt of the Bank's petition seeking enforcement of its mortgage, Security moved the court to render a summary judgment in this suit. Security alleged in accordance with La.Code Civ.Proc. art. 966 (1961) (amended 1966, 1983 and 1984) that there were no genuine issues as to material fact and that it was entitled to judgment as a matter of law. Security premised its motion on the grounds that sincé it no longer represented the trust as a co-trustee it was not a proper party — defendant. The Bank countered Secürity’s motion contending that since the order relieving Security and appointing Scarber was not recorded in the public records prior to the institution of this suit, Security , was a proper party — defendant. The trial court in consonance with Security, granted the motion and dismissed the action as it pertained to Security.
The Bank, seeking to have Security reinstated as a party — defendant, has appealed. On appeal, the Bank questions the propriety of the trial. court decision dismissing Security as a party — defendant, challenging the dismissal on the grounds that the order relieving Security of its obligations as a co-trustee was not recorded in the public records until after the suit was filed. We believe the trial court responded appro *605 priately to Security’s motion and affirm the decision.
The Bank’s primary argument in support of reinstating Security as a party — defendant is that the public records of Rapides Parish, at the time of the institution of these proceedings, reflected that Security was a co-trustee of the trust and, therefore, a proper party — defendant. The Bank’s contentions are correct with regard to the state of the public records and the propriety of initially bringing suit against Security. However, the uncontroverted evidence presented the trial judge at the hearing on the motion revealed that Security, prior to the institution of this suit, had resigned its position and was no longer a co-trustee pursuant to Court order. Summary judgment, was properly granted because the evidence brought forth established that Security was not a trustee, and the law provides that only a trustee may defend an action brought against a trust. In other words, there were no genuine issues as to material fact and Security was entitled to judgment as a matter of law. At that stage, in view of the evidence presented, it was of no moment that the order relieving Security as a trustee had not been recorded.
Pursuant to the express language of the Louisiana Civil Code Ancillaries and the Louisiana Code of Civil Procedure, the only proper party to defend an action brought against a trust is the trustee. Section 2093 of the Louisiana Trust Code, located in Title 9 of the Revised Statutes, provides that, “[a] trustee shall defend actions that may result in a loss to the trust estate, unless under all circumstances it is reasonable not to make a defense.” Louisiana Code Civ.Proc. art. 742 (1961) provides, “[t]he trustee of an express trust is the proper defendant in an action to enforce an obligation of the trust estate.” Cf. Matter of Harleaux, 359 So.2d 961 (La.1978), on remand, 361 So.2d 261 (La.App. 1st Cir. 1978). Security, by the institution of these proceedings, had ceased, by court order, to be a trustee of the Ann Blackman Gutierrez Trust and, therefore, is not a proper party — defendant.
Reinstating Security as a party — defendant, as suggested by the Bank, would also be contrary to the specific dictates of La. R.S. 9:1790 (1964). R.S. 9:1790 provides, in part, “[a] trustee who has resigned or who has been removed has no further authority with respect to the trust.” As amply stated by the appellee in brief, “[i]f Security First National Bank [was] retained as a defendant in this proceeding it would be placed in the anomalous position of being a party defendant but having no authority to take action in the litigation which might affect the rights or responsibilities of the trust.”
The Bank next argues that La.R.S. 9:2721 (1950) and La.R.S. 9:2092 (1964) require that Security be brought back into this controversy. R.S. 9:2721 provides,
No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated; and neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.
R.S. 9:2092 provides,
If at any time the trust property of either an inter vivos trust or a testamentary trust includes immovables or other property the title to which must be recorded in order to affect third parties, a trustee shall file the trust instrument for record in each parish in which the property is located.
We have reviewed R.S. 9:2721 and 2092 as suggested by the appellant but, we are unable to arrive at the same conclusion.
Material to our interpretation of R.S. 9:2721 and 2092 is that aspect of Section 2092 which states, “a trustee shall file the trust instrument for record....” A trustee as defined by La.R.S. 9:1781 (1964) is “the person to whom title to the trust property is transferred to be administered by him as a fiduciary.” Trust instruments *606 as defined by La.R.S. 9:1725(8) (1964) “mean the written document creating the trust and all amendments and modifications thereof.” Subsequent to the court order of December 18, 1980, relieving Security of its rights and duties as trustee, Security was no longer a trustee and was not obligated to file the .court order in the public records. The order should have been filed by the trustee appointed in the order, Scarber.
Finally the Bank, attempting to provide support for its position, contends that La. R.S. 9:1731 (1964) and R.S. 9:1781 should be read in conjunction with La.Code Civ.Proc. arts. 3722 (1961) and 3741 (1961). R.S. 9:1731 defines a trust as “the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another.” The trustee as previously stated is the person “to whom title to the trust property is transferred_” R.S. 9:1781. Article 3722 provides that “[w]hen the mortgagee enforces a conventional mortgage by an ordinary proceeding, he must first obtain a judgment against the mortgagor and then execute the judgment.” Article 3741 provides, in part, “a judicial mortgage, or a conventional mortgage may be enforced without reference to any alienation or transfer of the mortgaged property from the original debtor, and the creditor may cause the property to be seized and sold as though it was still owned by the original debtor and in his possession.”
Our review of the above cited laws and the facts of this case does not lead us to the conclusion that Security should be reinstated as a party — defendant. Article 3722 dictates that a mortgagee attempting to enforce a conventional mortgage via ordinary process is obligated to initially obtain a judgment against the mortgagor. The only person with authority to mortgage property held in trust is a trustee and, therefore, the mortgagor of the Ann Black-man Gutierrez Trust property in question was the trustee of the Ann Blackman Gutierrez Trust. Although the designated trustee at the time of the execution of the mortgage was Security, since it was not Security in its individual capacity, but, rather, Security acting as the trustee, suit should now have been brought not against Security but, rather, against the current trustee, Scarber. A suit as required by Article 3722 should be brought against the trustee and not as suggested by the appellant, against a person formerly designated as the trustee. This conclusion is particularly in accord with the dictates of R.S. 9:2093 and Civil Proc. art. 742.
Explained in a different fashion, a suit against the mortgagor in this instance is not necessarily a suit against Security or Scarber but, rather, is a suit against the trustee of the Ann Blackman Gutierrez trust. Although the persons appointed to act in the capacity of trustee may change, all actions taken by those persons are the actions of the trustees and not the actions of the persons designated as trustees. The Bank’s suit against Security was properly dismissed.
The Bank has also argued that Civil Proc. art. 3741 mandates that suit be brought against Security. Article 3741 provides that a judicial or conventional mortgage may be enforced against the original debtor even if the mortgaged property has subsequently been alienated or transferred. Although R.S. 9:1781 provides that title to trust property rests with the trustee, a change in the person appointed trustee does not result in the alienation or transfer of trust property. Subsequent to a resignation or removal of one trustee, title to the trust property remains with the trustee, despite the fact that the person with the authority to act as trustee has changed. Article 3741 does not support the appellant’s position.
For the above and foregoing reasons the judgment of the district court sustaining Security First National Bank’s motion for summary judgment is affirmed.
All costs of these proceedings are assessed against the Federal Land Bank of Jackson.
AFFIRMED.