517 So.2d 970 (1987)
CITY BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
Harry Edward HAWTHORNE, et al., Defendants-Appellants.
No. 86-845.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Gahagan & Conlay, Gary L. Conlay, Natchitoches, for plaintiff-appellee.
Harrington & Harrington, Eric R. Harrington, Natchitoches, for defendants-appellants.
Kenneth D. McCoy, Michael Henry, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOUCET, Judge.
This appeal from a suit for a declaratory judgment concerns the trial court's interpretation of a trust provision and its ruling concerning an alleged conflict of interest involving a provisional trustee.
In 1971, Nannie Salter Hawthorne set up the NANSA TRUST. Named as an income beneficiary was her son, Harry Edward Hawthorne, and as income and principal beneficiaries, her five grandchildren. Named as trustees were Harry Edward Hawthorne, the appellant in this case, and his son, Harry Edward Hawthorne, Jr. The trust provided for distribution of $100.00 per year to each beneficiary during the lifetime of Harry Edward Hawthorne. The balance of the "distributable net income" was to go to Harry Edward Hawthorne *971 during his lifetime. The record shows that at one point, December 2, 1985, the trust investment and cash assets were valued at $31,763.63. At the time of trial however, June 1986, the trustee estimated that the trust contained "less than maybe a couple of thousand dollars." The bulk of the trust apparently consisted of revenues from mineral leases.
In August 1984, a suit was instituted against Harry E. Hawthorne, Jr. by appellant. As a result of that suit, appellant and his son were removed as trustees and the City Bank & Trust Company of Natchitoches, Louisiana (hereinafter City Bank) was named as trustee. In June 1985, City Bank filed a rule to show cause why it should not be relieved of its duties as trustee. Named as defendants were the appellant in this case and the settlor's five grandchildren, the appellees in this case.
The five grandchildren answered requesting that City Bank remain as trustee or, in the alternative, that Dee Ann Hawthorne, an attorney and mother of three of them, be appointed as provisional or permanent trustee.
Appellant answered in December 1985, asking that an uninterested party be appointed trustee. His answer was also styled as petition for a declaratory judgment interpreting a particular trust provision. The day before appellant's answer was filed the trial court authorized City Bank to resign and appointed Dee Ann Hawthorne provisional trustee. Appellant later filed two supplementary and amending petitions reiterating his original prayer for a declaratory judgment, setting out more specific allegations concerning the disputed trust provision, and requesting that Dee Ann Hawthorne not be appointed permanent trustee.
At the close of trial, the trial judge declined to interpret the trust provision as suggested by appellant. He also allowed Dee Ann Hawthorne to remain as provisional trustee in view of the absence of any other qualified person to perform that function. The trial judge further denied appellant's request, made at trial, to issue an order preventing Mrs. Hawthorne from disbursing any funds under the trust provision at issue due to an alleged conflict of interest.
On appeal appellant claims that the trial court erred by failing to correctly interpret the trust provision and by failing to prohibit Dee Ann Hawthorne from disbursing funds under that provision. However, we do not today reach a determination of this appeal on the merits.
Pending appeal, and subsequent to submission of the briefs of both parties, defendants-appellees filed with this court a peremptory exception of non-joinder of an indispensable party, namely Dee Ann Hawthorne, the provisional trustee.
Non-joinder of an indispensable party may be pleaded at the appellate level. La.C.C.P. art. 2163. La.C.C.P. arts. 641 and 742, and La.R.S. 9:2093, interpreted together, establish that a trustee is an indispensable party to a suit against a trust. Matter of Harleaux, 359 So.2d 961 (La. 1978), on remand 361 So.2d 261 (La.App. 1st Cir.1978); Ebey v. Southern Health Benefit Foundation for Employees and Dependents, 377 So.2d 421 (La.App. 2nd Cir.1979).
La.C.C.P. art. 1874 allows a cestui que trust interested in the administration of a trust to obtain a declaration of rights or legal relations in respect thereto to determine any question arising in the administration of the trust. C.C.P. art. 1880 mandates the joinder of all parties who have or claim any interest which would be affected by such a declaration. Actual title to property in trust is transferred from the settlor to the trustee. La.R.S. 9:1731; 9:1781.
A declaration interpreting a trust provision will dictate to the provisional trustee the manner in which part of the trust will be administered by her. This suit for declaratory judgment will affect the property held in trust and therefore, we feel the provisional trustee is an indispensable party as contemplated by La. C.C.P. art. 641.
When the failure to join an indispensable party is pleaded successfully in the appellate court, the court may remand the case *972 for the amendment and taking of further evidence. La.C.C.P. art. 646. When the grounds of a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. La.C.C.P. art. 934.
In answer to the exception filed by appellees, appellant asserts that, since Dee Ann Hawthorne testified at the trial of the petition for declaratory judgment and was represented by counsel, she made a general appearance and submitted herself to the jurisdiction of the court pursuant to La.C. C.P. art. 7. However, it is well settled that La.C.C.P. art. 7 applies only to parties to an action. Brock v. Tidewater Construction Company, 318 So.2d 100 (La.App. 3rd Cir.1975). Since Mrs. Hawthorne was never named a party, La.C.C.P. art. 7 does not apply to the facts of this case.
Appellant then argues that Mrs. Hawthorne should be bound by the judgment of the trial court even though she was never named a party. Thus, he argues, there is no need for a remand to the trial court for amendment of the petition.
We disagree and feel, in light of our conclusion that the provisional trustee is an indispensable party, our only recourse is to vacate the judgment of the trial court and remand the case for amendment of the petition to name Dee Ann Hawthorne, the provisional trustee, as a party. On remand leave is granted to the parties to introduce such additional evidence as may be warranted.
For the reasons assigned we vacate the judgment of the trial court. We remand the matter to the trial court to allow appellant to amend his petition to name Dee Ann Hawthorne, the provisional trustee, as a party and to allow the introduction of any further evidence by any party.
Costs of this appeal are assessed against appellant, Harry Edward Hawthorne.
JUDGMENT VACATED; REMANDED.