551 So.2d 658 (1989)
CITY BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
Harry Edward HAWTHORNE, et al., Defendants-Appellants.
No. 88-662.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1989.
*659 Gahagan & Conlay, Gary L. Conlay, Natchitoches, for plaintiff-appellee.
Harrington & Harrington, Eric R. Harrington, Natchitoches, for defendant/appellant.
Kenneth D. McCoy, Jr. and Michael Henry, Natchitoches, for defendants/appellees.
Before DOUCET, YELVERTON and KING, JJ.
DOUCET, Judge.
This appeal arises from a suit for a declaratory judgment involving the trial court's interpretation of a trust provision and its decision not to prohibit a provisional trustee with an alleged conflict of interest from disbursing funds under the trust provision at issue.
The preliminary facts of this case were recited in City Bank & Trust Company v. Hawthorne, 517 So.2d 970 (La.App. 3rd Cir.1987), wherein this court stated as follows:
"In 1971, Nannie Salter Hawthorne set up the NANSA TRUST. Named as an income beneficiary was her son, Harry Edward Hawthorne, and as income and principal beneficiaries, her five grandchildren. Named as trustees were Harry Edward Hawthorne, the appellant in this case, and his son, Harry Edward Hawthorne, Jr. The trust provided for distribution of $100.00 per year to each beneficiary during the lifetime of Harry Edward Hawthorne. The balance of the "distributable net income" was to go to Harry Edward Hawthorne during his lifetime. The record shows that at one point, December 2, 1985, the trust investment and cash assets were valued at $31,763.63. At the time of trial however, June 1986, the trustee estimated that the trust contained "less than maybe a couple of thousand dollars." The bulk of the trust apparently consisted of revenues from mineral leases.
In August 1984, a suit was instituted against Harry E. Hawthorne, Jr. by appellant. As a result of that suit, appellant and his son were removed as trustees and the City Bank & Trust Company of Natchitoches, Louisiana (hereinafter City Bank) was named as trustee. In *660 June 1985, City Bank filed a rule to show cause why it should not be relieved of its duties as trustee. Named as defendants were the appellant in this case and the settlor's five grandchildren, the appellees in this case.
The five grandchildren answered requesting that City Bank remain as trustee or, in the alternative, that Dee Ann Hawthorne, an attorney and mother of three of them, be appointed as provisional or permanent trustee.
Appellant answered in December 1985, asking that an uninterested party be appointed trustee. His answer was also styled as petition for a declaratory judgment interpreting a particular trust provision. The day before appellant's answer was filed the trial court authorized City Bank to resign and appointed Dee Ann Hawthorne provisional trustee. Appellant later filed two supplementary and amending petitions reiterating his original prayer for a declaratory judgment, setting out more specific allegations concerning the disputed trust provision, and requesting that Dee Ann Hawthorne not be appointed permanent trustee.
At the close of trial, the trial judge declined to interpret the trust provision as suggested by appellant. He also allowed Dee Ann Hawthorne to remain as provisional trustee in view of the absence of any other qualified person to perform that function. The trial judge further denied appellant's request, made at trial, to issue an order preventing Mrs. Hawthorne from disbursing any funds under the trust provision at issue due to an alleged conflict of interest."
Harry Edward Hawthorne then appealed the judgment of the trial court, asserting that the trial court erred by failing to correctly interpret the trust provision at issue and by failing to prohibit Dee Ann Hawthorne from disbursing funds under that provision.
Pending that initial appeal of this case, and subsequent to the submission of the briefs of the parties, appellees in that appeal (the settlor's five grandchildren) filed with this court a peremptory exception of non-joinder of an indispensable party, namely Dee Ann Hawthorne, the provisional trustee. This court sustained that exception, vacated the judgment of the trial court, and remanded the case to the trial court to allow appellant to amend his petition to name Dee Ann Hawthorne as a party and to allow the introduction of any additional evidence by any party as may have been warranted. City Bank & Trust Company v. Hawthorne, supra.
On remand appellant amended his petition to name Dee Ann Hawthorne as a party. No new evidence was presented at trial, and the matter was submitted to the trial court on the record. The trial court again rendered judgment declining to interpret the trust provision as suggested by Harry Edward Hawthorne, allowing Dee Ann Hawthorne to remain as provisional trustee, and refusing to issue an order preventing Mrs. Hawthorne from disbursing funds under the trust provision at issue.
From this adverse judgment Harry Edward Hawthorne appealed, again asserting that the trial court erred by failing to correctly interpret the trust provision at issue and by failing to prohibit Dee Ann Hawthorne from disbursing funds under that provision. Appellees, the settlor's five grandchildren and Dee Ann Hawthorne, answered, praying for an affirmation of the trial court's judgment.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error appellant asserts that the trial court erred in failing to correctly interpret Section III., 3.2(f) of the trust instrument.
Section III., 3.2(f) of the trust instrument provides in pertinent part as follows:
"The trustees shall have the power and authority and are directed, from time to time and at any time during the existence of this trust, as the need arises, to pay additional sums of income or principal to the beneficiaries for purposes of preventive, curative or corrective medical or hospital care and treatment or the educational expenses, direct or indirect of each beneficiary, but only after a complete examination and determination of *661 the funds available from other sources including lending institutions, governmental agencies or friends or relatives of the beneficiary in need and with the objective of each beneficiary having an equal opportunity to obtain an education of four years of college or university instruction, or greater if their individual ability warrants such expenditure."
At the trial of this matter, appellant proposed to the trial court the following interpretation:
"The trustee may not disburse funds under this paragraph until the applying beneficiary has shown that he or she has exhausted all other reasonable sources of funding to pay for the expenses claimed."
In its oral reasons for judgment the trial court stated:
.... "In looking at this paragraph that needs to be interpreted I noticed the last portion of it, which I think tells us a lot, the settlor says, `... with the objective of each beneficiary having an equal opportunity to obtain an education of four years of college or university instruction or greater if their individual ability warrants such expenditure.' Also, this paragraph does not require that other sources be exhausted. It simply says, `... examination and determination of funds available from other sources.' I think that in this situation the only interpretation the Court can put on it is that the trustee must use her good judgment in this matter. And she is bound by the laws that govern a fiduciary's relationship to the trust or whatever it is that they happen to be governing. So for that reason I am not going to require that all other sources be exhausted before the principal and the income of the trust are used for educational purposes. This will have to be in the sound discretion of the trustee, with the trustee being bound by the laws that govern fiduciaries."
A judgment was signed in accordance with these reasons.
In construing a trust, the settlor's intention controls and is to be ascertained and given effect, unless opposed to law or public policy. Richards v. Richards, 408 So.2d 1209 (La.1982); Lelong v. Succession of Lelong, 164 So.2d 671 (La.App. 3rd Cir. 1964). A review of the entire trust instrument reveals that the settlor granted to the trustees all of the powers allowed "under the laws of the State of Louisiana, now in force or as amended or enacted in the future." The only prohibition on the trustees' powers found in the instrument is that trustees are prohibited from making charitable donations from trust funds. Thus, it is evident that the settlor of the trust in question intended for the trustees to exercise broad powers according to the sound discretion of such trustees. Accordingly, we find no manifest error or abuse of discretion in the interpretation of Section III., 3.2(f) enunciated by the trial court. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error appellant asserts that the trial court erred in failing to prohibit "the provisional trustee, as mother of some of the beneficiaries, from making disbursements under the contested provision of the trust for medical or educational expenses." In support of this assertion, appellant cites the last sentence of Section III., 3.2(f) of the trust instrument, which immediately follows the provision of the trust instrument quoted in our discussion of Assignment of Error No. 1 and provides as follows:
"In this respect, the father of the beneficiary in need, should he at the time by (sic) a trustee shall have no power or authority to make the determination, the discretion to disburse the extra funds resting solely in the trutee who is not the father of the beneficiary in need."
The trust instrument originally provided for two trusteesappellant and Harry Edward Hawthorne, Jr., who is the father of three of the beneficiaries named in the instrument. Appellant asserts that it is obvious from the above quoted provision that the settlor felt there would be a clear conflict of interest if the parent of a beneficiary had the discretionary power to disburse *662 trust funds to his or her own child under the provisions of Section III., 3.2(f). However, in making this assertion, appellant overlooks Section IV., 4.5 of the trust instrument, which provides in pertinent part as follows:
"Should either or both trustees die, resign, or for any reason become incapable of performing his duties as such, then Hal W. Hawthorne shall become trustee in his or their lieu and stead."
Hal W. Hawthorne is the father of two of the beneficiaries named in the trust instrument. Thus, in the above quoted provision the settlor clearly contemplated that the two fathers of the named beneficiaries might become co-trustees, and, more importantly, that one of these fathers, Hal W. Hawthorne, might become the sole trustee. The settlor included no provision in the trust instrument that would have prohibited Hal W. Hawthorne, had he become the sole trustee, from disbursing funds to his own children for medical and educational expenses under Section III., 3.2(f) of the instrument. Therefore, it is reasonable to assume that the settlor did not intend to prohibit such disbursements in such a situation, which is the very situation that exists at present, since Dee Ann Hawthorne is the mother of some of the named beneficiaries and is the sole trustee.
Appellant also asserts that the conflict of interest on the part of Dee Ann Hawthorne, as trustee of the trust with the discretion to disburse trust funds to her own children, makes it error for the trial court to allow her to continue to make such disbursements. As a general rule, neither conflict of interest, particularly where the settlor knew of the potential conflict at the time the trust was created and the trustee named, nor hostility, of itself, constitutes sufficient cause for the removal of a trustee. Succession of Noe, 398 So.2d 1173 (La.App. 2nd Cir.1981), writ denied, 405 So.2d 530 (La.1981). As previously stated, the settlor contemplated the potential conflict in the instant case where a parent of some of the beneficiaries would have discretion to disburse trust funds to his or her own children. Therefore, this alleged conflict should not require that Dee Ann Hawthorne be prohibited from disbursing funds under Section III, 3.2(f) of the trust instrument.
Additionally, to prohibit Dee Ann Hawthorne from disbursing such funds would, in effect, write Section III., 3.2(f) out of the trust instrument and completely defeat the settlor's intention of providing trust funds to help pay for medical and educational expenses of her grandchildren.
For the above reasons, we cannot say that the trial court manifestly erred in failing to prohibit the provisional trustee from making disbursements under Section III., 3.2(f) of the trust agreement. This assignment of error lacks merit.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.