COVINGTON, Chief Judge.
This appeal is from a judgment on a rule declaring that the surviving spouse of the decedent was entitled to a judgment placing her in possession of the estate of her husband, and denying confirmation or compensation to the person named as “administrator” in the decedent’s olographic testament. The trial court found that there was no need for an administration of the succession under LSA-C.C.P. arts. 8031 and *719 3033.[1] We agree with the judgment of the district court for the reasons hereinafter stated and affirm.
Earl Jones, the decedent, died in an automobile accident on December 13, 1989. The record reflects that the car which he was driving crossed the center line of the highway and collided head-on with another vehicle; both drivers were killed. On December 29, 1989, a petition to appoint a notary to search for a testament was filed on behalf of the surviving spouse, Andrea Eula Hall Jones, and an olographic testament dated July 28,1982, was consequently found in a safety deposit box in Mr. and Mrs. Jones’ name. The testament bequeathed the entire estate of Mr. Jones to his wife Andrea, and contained the following provision:
My administrator shall be James Sharp Jr. of Monroe, Louisiana. If he is unwilling or unable to perform this duty, then my administrator shall be Carl Van Sharp of Monroe, Louisiana.
On April 2, 1990, James Sharp, Jr., filed a motion to compel his appointment as “administrator/executor” of the decedent’s estate pursuant to the last will and testament. On the following day, Mrs. Jones filed a petition to probate the olographic testament, requesting that there be no administration of the estate of her late husband, which had no large assets or ongoing concerns that would require an administration, and asserting the desire to accept with benefit of inventory under LSA-C.C. art. 1032 because of potential liability resulting from the automobile accident. An order of probate was signed that same date, April 3, 1990, ordering the testament to be filed with the clerk of court’s office in East Baton Rouge Parish. Mrs. Jones subsequently filed an opposition to Mr. Sharp’s motion to compel.
After a contradictory hearing was held on the motion to compel appointment of Mr. Sharp as executor, the trial judge found that the Code of Civil Procedure expressly provides for such a situation as this, and that just because a testament provides for a succession representative, that person need not be confirmed unless the circumstances warrant doing so. Mrs. Jones was given until June 22, 1990, to file a petition for possession, which was filed on May 31, 1990, along with a rule to show cause why she should not be put into possession, without an administration, of her late husband’s succession, and for the Court to judicially determine any compensation due to Mr. Sharp.
A second hearing was held on June 29, 1990, this time on Mrs. Jones’ rule to show cause directed to Mr. Sharp, subsequent to which Mrs. Jones was held to be entitled to be sent into possession of her husband’s succession. A judgment of possession was signed on August 16, 1990. In the meantime, on July 12, 1990, Mr. Sharp filed a motion for suspensive appeal of the judg *720 ment on Mrs. Jones’ rule, holding her to be entitled to possession and dismissing Mr. Sharp’s claims for confirmation and compensation as executor of the decedent’s succession. Although the order for appeal set bond in the amount of $2500.00, the record does not reflect that this was timely secured; the appeal was processed as a devolutive appeal.
Subsequent to the appeal by Mr. Sharp, the district court rendered a judgment of possession in favor of Mrs. Jones. She then filed with this court a “peremptory exception of mootness,” asserting that appellant’s failure to secure a suspensive appeal allowed her to continue with the succession proceedings and obtain the judgment of possession; therefore, he could not possibly act now as an executor for a closed succession.
Appellee’s argument as to mootness is incorrect. LSA-C.C.P. arts. 2122 and 2974 clearly provide for the continuation of succession activities pending appeal of judgments or orders concerning succession representatives which are rendered by trial courts. Article 2122 provides as follows:
A judgment or order of a trial court appointing or removing a legal representative shall be executed provisionally notwithstanding an appeal therefrom.
A judgment rendered on appeal vacating a judgment or order of the trial court appointing a legal representative does not invalidate any of his official acts performed prior to the rendition of the judgment of the appellate court.
The language in Article 2974 is even more specific:
Appeals from orders or judgments rendered in succession proceedings shall be governed by the rules applicable to appeals in ordinary proceedings, except that an order or judgment confirming, appointing, or removing a succession representative, or granting an interim allowance under Article 3321 shall be executed provisionally, notwithstanding appeal.
The acts of a succession representative shall not be invalidated by the annulment of his appointment on appeal. [Emphasis added.]
We hold that the judgment of the trial court refusing to confirm appellant as the executor of the decedent’s succession, despite his designation in the decedent’s testament, was - in the category of judgments relating to succession representatives that may be provisionally executed pending appeal. Thus, this appeal cannot be moot.
However, with regard to the merits of this appeal, appellant may not prevail. Under the explicit language of LSA-C.C.P. arts. 3031 and 3033, a court has the authority to send a legatee into possession of his legacy without an administration of the succession, even when a person named as executor in the testament of the decedent opposes same. In that instance, Article 3033 provides that the legatee may rule the person named as executor into court to determine what compensation, if any, may be due and whether the legatee may nevertheless be sent into possession of his legacy-
In a similar situation, our brethren in the Fourth Circuit held likewise. In Succession of Carriere, 216 So.2d 616 (La.App. 4th Cir.1968), writ denied, 253 La. 639, 219 So.2d 175 (1969), the sole legatee of the decedent’s succession was a trust. The trustee therefor filed a petition for possession, and the person named as executor in decedent’s testament refused to join in the petition. Pursuant to LSA-C.C.P. art. 3033, the trustee ruled the person named as executor into court to show cause why the petitioner should not be placed in possession of the succession assets, and why the defendant in rule should not be denied compensation. The court there stated the following in explaining its holding in the trustee’s favor:
[T]he Code of Civil Procedure clearly contemplated this situation in which the executor is named in the testament, but is not entitled to a fee because of the lack of necessity for an administration of the testate succession. It is quite obvious that the executor’s argument that to prohibit an administration in this case would defeat the intention of the testator is incorrect, since, as a matter of law, the *721 executors services are only to be used when there exists a necessity therefor.
... The appointment of an executor in the testament does not ipso facto require an administration when there is no necessity therefor, and the executor is entitled to compensation only for the actual services which he has rendered to the succession.
216 So.2d at 619.
The Supreme Court denied the writ application of the person named as executor in the testament, stating, “The application is denied. The judgment complained of is correct.” 253 La. at 639, 219 So.2d at 175.
We, like our brethren in the Fourth Circuit, find the language and rationale of LSA-C.C.P. arts. 3031 and 3033 clear. The judgment of the trial court is correct, and is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.C.P. art. 3031 provides as follows:
When a testament has been probated, and subject to the provisions of Article 3033, the court may send the legatees into possession of their respective legacies without an administration of the succession, on their ex parte petition, when all of the legatees are either competent or are acting through their qualified legal representatives, all competent residuary legatees accept the succession unconditionally, and none of the creditors of the succession has demanded its administration.
In such cases, the surviving spouse in community of the testator may be recognized by the court as entitled to the possession of the community property, as provided in Article 3001. [Emphasis added.]
Article 3033 provides, in pertinent part:
If the testament is dated subsequent to December 31, 1960, the person named therein as executor shall be entitled to reasonable compensation for the services which he has rendered, whether he has been confirmed as executor or not.
Except as provided hereinafter, the legatees may be sent into possession only if the person named in the testament as executor joins in the petition thereof.
If the residuary legatee and the person named in the testament as executor cannot agree upon the compensation due him, or for any other reason he refuses to join in the petition for possession, the residuary legatee may rule him into court to show cause why the compensation due should not be determined judicially, and why the legatees should not be sent into possession of their legacies. The court shall not send the legatees into possession until satisfactory proof has been submitted that the compensation determined to be due the person named in the testament as executor has been paid.