REGAN, Judge.
The plaintiff, Thomas L. Rosenzweig, filed these pleadings in an endeavor to place the testamentary trust of which he was the named trustee into simple possession of the assets of the decedent, Albert E. Carriere, without an administration. Since the executor who was named in the testament, Adolph W. Plerrmann, refused to join the plaintiff in his request that the trustee be placed in simple possession, the plaintiff simultaneously filed a rule against Herrmann ordering him to show cause why the trustee should not be placed in simple possession of the assets of the succession and why judgment should not be rendered decreeing that the executor is entitled to no compensation in conformity with the rationale of Article 3033 of the Louisiana Code of Civil Procedure.[1]
Following a hearing of the plaintiff’s rule to show cause, the lower court rendered judgment refusing to place the trustee into possession of the succession assets and ordered an administration of the suc-cesssion in accordance with what it considered to be the terms of the will of the decedent. From that judgment, the trustee has prosecuted this appeal.
The record discloses that the decedent died testate, leaving a will in olographic form dated November 23, 1961, in which he bequeathed all of his property to his great niece, Louise Althea Rosenzweig, the minor daughter of the plaintiff herein. The will bequeathed the testator’s property to the child in trust, and appointed the Hibernia National Bank in New Orleans as the trustee; it was directed to invest the money realized from the sale of his property in United States government bonds “only”. The bank was ordered to retain the bonds and the income therefrom until the child attained the age of 21. The testator appointed Adolph W. Herrmann as the executor “to handle all matters pertaining to my succession”.
On the same date, by addendum or codicil, the testator named the plaintiff as the *618 trastee in place of the Hibernia National Bank.
The record discloses that there are no forced heirs of the testator, and the will points out that the sole legatee is the trust of which the petitioner for possession is the named trustee. The succession is also free of debt with the exception of taxes and law charges, for which the plaintiff has assumed unconditional liability.
In view of the foregoing facts, the only significant question posed for our consideration is whether a testamentary trustee who is the sole legatee may legally place a testamentary trust in simple possession of the testator’s succession without an administration and liquidate the assets thereof in accordance with the directive contained in the trust instrument, or whether the testamentary executor appointed therein is the proper person to liquidate the succession assets irrespective of the lack of necessity for his services.
A trust, as delineated in the Louisiana Trust Code, is the relationship resulting from the transfer of title of property to a person to be administered by him as a fiduciary for the benefit of another.[2] A trust may be created by testament, provided that the testament is confected in one of the forms prescribed by law for donations mortis causa.[3] Moreover, the trust instrument may dispose of property to the same extent that it may be alienated free of trust, and it may impose any condition not forbidden by law or against public morals.
 Under the Trust Code, the trustee is vested with title to the trust property, which he must administer as a fiduciary.[4] The duties and powers of a trustee are determined from the contents of the trust instrument,[5] and the trustee may deviate from the administrative directions of the trust instrument only with permission of the court.[6]
More specifically, the trustee is granted those powers conferred upon him by the provisions of the trust instrument or those powers necessary or appropriate to carry out the purposes of the trust provided they are not forbidden by the language contained therein.[7]
Analogous to the powers of an executor, the trustee possesses the power to sell trust property unless such sale is forbidden specifically by the trust instrument, or unless it appears from the provisions of the trust that the property is to be retained in kind.[8] Moreover, like an executor, a trustee is personally liable for the breach of his fiduciary obligations,[9] and he is subject to the duty of rendering an accounting annually, and the court may order such an account to be filed in its discretion.[10]
In this case, the only argument made by the executor is that to permit the trustee to be placed in simple possession of the estate would defeat the intention of the testator, as expressed in that portion of the will in which he appointed the executor “to handle all matters pertaining to my succession”. However, this argument is fallacious, since a cursory reading of the applicable provisions of the Code of Civil Procedure reveal that the executor, even if appointed in the testament, is to perform his functions only if an administration of the succession is necessary.
*619 Article 3031 of the Code of Civil Procedure provides that once a testament has been probated, the court may send the legatees into possession of their respective legacies without an administration when all of the legatees are either competent or acting through their qualified legal representatives, and when all competent residuary legatees accept the succession unconditionally, and none of the creditors of the succession have demanded its administration. Moreover, Article 3033 thereof provides that the executor appointed by testament dated subsequent to December 31, 1960, shall be entitled to reasonable compensation for the services which he has rendered. This article also provides that if the legatee and the person named as executor are in dispute as to the compensation due him, or if for any other reason the executor refuses to join in the petition for simple possession, the legatee may rule the executor into court to show cause why his compensation should not be determined judicially and why the legatees should not be sent into possession of their legacies.
The question posed herein for consideration is further answered by reference to the redactors’ comments under this article which points out that the law applied before the enactment of the Code of Civil Procedure was that an executor could not be deprived of his commission by the legatees accepting the succession and being sent into possession, even when the succession was free of debt and there was no necessity of an administration. The comment further points out that such a result was undesirable since the legatee should not be forced to pay the full commission when an executor’s services are not actually necessary, unless it appears from the testament that the appointment, of itself, was intended as a legacy. If valuable services were rendered, however, this article permits payment therefor.
Thus, the Code of Civil Procedure clearly contemplated this situation in which the executor is named in the testament, but is not entitled to a fee because of the lack of necessity for an administration of the testate succession. It is quite obvious that the executor’s argument that to prohibit an administration in this case would defeat the intention of the testator is incorrect, since, as a matter of law, the executor’s services are only to be used when there exists a necessity therefor.
The foregoing elucidation leads to the following conclusions. When property is bequeathed in a trust, title thereto vests in the trustee. The trustee is the proper person to sue to enforce the rights of the trust, and there is no provision in our law which prohibits the trustee, as a legatee under a testament, from filing a petition for simple possession in conformity with the rationale of Articles 3031-3035 of the Code of Civil Procedure. The appointment of an executor in the testament does not ipso facto require an administration when there is no necessity therefor, and the executor is entitled to compensation only for the actual services which he has rendered to the succession.
The executor herein has made no showing of any valuable services rendered to the estate; therefore, we are convinced that the lower court erred in refusing to send the trustee of the trust created in the probated testament into simple possession, since all of the requirements therefor have been met and since the trustee is legally entitled to sue to enforce all rights of the trust, including the right to be placed in possession. The trust clearly directs what is to be done with the property contained therein, and the trustee is equally empowered by law to effect the liquidation of the trust assets and their investment in government bonds just as an executor would be. Moreover, the trustee possesses the further advantage of being able to carry out the intentions of the settlor of the trust without incurring unnecessary court costs and attorneys’ fees normally concomitant to a public or private sale of succession assets.
For the foregoing reasons, the judgment of the lower court refusing to place the *620 petitioning trustee mto simple possession is hereby reversed, and the case is now remanded to the lower court for such additional proceedings as the nature of the case may require which shall be consistent with the views expressed herein.
Reversed and remanded.

. Three clays prior to Rosenzweig’s petition for simple possession, Herrmann filed snit to obtain an injunction preventing Rosenzweig’s attorneys from “attempting to represent” him in the succession. This injunction was denied, and since no appeal has been taken from that judgment, it is not posed for our consideration.

. La.R.S. 9:1731.

. La.R.S. 9:1732, 9:1733 and 9:1751.

. La.R.S. 9:1781.

. La.R.S. 9:2061.

. La.R.S. 9:2064, 9:2066.

. La.R.S. 9:2111.

. La.R.S. 9:2119.

. La.R.S. 9:2201.

. La.R.S. 9:2088.