BLANCHE, Judge.
This is an action by Osborne & Richard, a law firm, for the balance of $2,718.30 claimed to be due for professional services which were allegedly performed by it in the Succession of William W. Harleaux. The American Bank and Trust Company was sued in its capacity as trustee of a testamentary trust created and established by the decedent prior to his death. The bank was ordered to show cause by rule why the attorney’s fees should not be made executo-ry through the rendition of judgment against the bank in its capacity as trustee.
By way of background, the following events preceded the present action: At the decedent’s death, he left his wife, Florence B. Harleaux; a son, William W. Harleaux, Jr.; and a daughter, Linda Harleaux Spottsville. The judgment of possession was in conformity with the decedent’s will, and, in short, gave to the wife the family home and certain personal property, with the balance of his estate being placed in trust with the American Bank and Trust Company as trustee. Under the trust, the wife was established as beneficiary of all of *1269 the income produced by the trust, with the son succeeding her as income beneficiary upon her death, and the daughter was established as the principal beneficiary.
The intention of the testator was summarized in the following provision of the will:
“ * * * While I am aware that the provision expressed herein may be contrary to the laws of Louisiana, it is my desire" that after the death of my wife, Florence Davis Harleaux, my son, William W. Harleaux, Jr., have the use of my estate for the balance of his life. It is my intention then that whatever is left shall go to my daughter, or her children. It is my desire that my daughter not contest any provisions of this will which may give her less than the portion allowed by law. It is also my wish that my son not try to change, in any way, the provision for him under this will as I believe it is for his best interest.” (Record, p. 12)
Before the rule could be heard, the Har-leaux widow and heirs filed a general denial to all of the allegations made by mover, together with an allegation that they were the real parties in interest and that the use of summary proceedings to tax attorney’s fees against the trustee was not authorized by law. The pleading was styled “Exception of Unauthorized Use of Summary Proceeding.”
The above rule was heard by the trial judge, and he permitted the appellants to intervene in the proceedings; but held that, as intervenors, they could not object to the form of the action, relying on LSA-C.C.P. art. 1094.
The trial judge then set the rule for hearing at a later date in order to give counsel representing the widow and heirs an opportunity to prepare a defense to the claim of attorney’s fees against the trustee.
Thereafter, counsel for the widow and heirs filed a petition via ordinaria to nullify the judgment of possession on the grounds that one of the heirs, William W. Harleaux, Jr., was an incompetent and had not been legally represented in the succession proceedings. It was also alleged in said petition that the judgment was obtained by ill practices in that “a false inheritance tax return was filed to which none of the heirs and legatees affixed their signatures as required by law.” The sole defendant in this action to nullify the judgment was the trustee, the American Bank and Trust Company.
Subsequently, the trial judge consolidated all matters before the court, namely, the rule to tax attorney’s fees and the petition to nullify the judgment of possession. After hearing the rule and having a trial on the merits of the petition to nullify the judgment, the trial judge awarded attorney’s fees to Osborne & Richard as prayed for, and further awarded attorney’s fees to the attorneys representing the trustee, but the judgment was otherwise silent as to the disposition of the petition to nullify the judgment.
The motion by the appellants objecting to the use of summary proceedings should not have been treated as an intervention. They were actually the real parties in interest inasmuch as the widow and son were income beneficiaries of the trust and the daughter was the principal beneficiary.
LSA-C.C.P. art. 641 defines an indispensable party as follows:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.”
We believe the Harleaux widow and heirs met this test and, accordingly, they were entitled to challenge the use of summary proceedings to determine what attorney’s fees, if any, should be paid by the trustee. The diminution of trust property by a judgment for attorney’s fees, which the appellants deny are owing, gives them such an interest in the matter as to make them indispensable parties to the action.
*1270 For these reasons, the trial judge was in error in applying the restrictions of Article 1094 of the Code of Civil Procedure, which would prohibit them from filing a dilatory exception of unauthorized use of summary proceedings.
Having found that appellants, as indispensable parties, have standing to interpose this objection we are of the opinion that the exception must be sustained. LSA-C.C.P. art. 2592, prescribing the use of summary proceedings, does not authorize the use of such a proceeding by an attorney against a trustee to have his fee adjudicated. It is not an incidental question arising out of the course of litigation merely because the attorney’s fees were included in the list of the succession debts. Pittman Construction Company v. Housing Authority of New Orleans, 248 La. 471, 179 So.2d 900 (1965); In re Lomm, 195 So.2d 416 (La.App. 4 Cir. 1967), writ refused, 250 La. 541, 197 So.2d 81 (1967).
We must, therefore, reverse the judgment of the trial court insofar as it awarded the attorney’s fees claimed, and sustain the exception of unauthorized use of summary proceedings and dismiss the action of Osborne & Richard as of non-suit.
Although the judgment was silent as to the disposition of the petition to nullify the judgment, the law is settled that all of the issues presented by the pleadings and on which evidence has been offered will be considered as having been disposed of by a final judgment in the cause, and that demands passed over in silence will be considered as having been rejected by the trial court in the absence of special reservation. Cagle v. Spade Drilling Company, Inc., 325 So.2d 354 (La.App. 3 Cir. 1975). Thus, we must find that the petition to annul the judgment was dismissed by the trial judge, because this was an issue presented in the pleadings and on which evidence was offered on the trial.
The appellants allege that the judgment of possession was obtained by ill practices. See LSA-C.C.P. art. 2004; Succession of Anderson, 323 So.2d 827 (La.App. 4 Cir. 1975). The basis for this allegation is that a false inheritance tax return was filed to which none of the heirs and legatees affixed his signature. The record shows that only the attorney signed the tax return. The law only requires the tax return be prepared and filed by or on behalf of the heirs and legatees. LSA-R.S. 47:2425(A). In addition, the “General Instructions” for the Inheritance Tax Return make it clear that either the heirs or the attorney handling the succession should verify and sign the return. We thus find that the signing of the tax return by the attorney handling the succession was in accordance with law. Moreover, the tax return in the instant case cannot be considered as false. The record discloses that the valuations of the interests of the heirs and legatees were fixed after consultation with the tax collector’s office. They appear to be consistent with the requirement of law that a valuation must be placed upon the interests of trust beneficiaries. Succession of Bellinger, 229 So.2d 749 (La.App. 1 Cir. 1969), writ denied, Kaufman v. Clemmons, 255 La. 279, 230 So.2d 587 (1970); Succession of Kaufman, 274 So.2d 471 (La.App. 1 Cir. 1973); Adams, “Valuation of Interests in Trust: A Louisiana Perspective,” 34 La.L.Rev. 46 (1973).
The appellants also contend that the judgment of possession was null on the ground that one of the heirs, William W. Harleaux, Jr., was an incompetent who had not been legally represented in the succession proceedings. There was no requirement that the alleged incompetent heir be represented in the succession proceedings. There was no allegation that the alleged incompetent was a legatee. The succession proceedings reveal that the widow, Florence B. Harleaux, was named as a legatee of certain property, with the American Bank and Trust Company, as trustee, named as residuary legatee under the decedent’s will. Neither the will nor the probating of the will have been questioned. While, as a trust beneficiary, the son does benefit from the testamentary trust, he is not a legatee under the will. Succession of Carriere, 216 So.2d 616 (La.App. 4 Cir. *1271 1968), writ denied, 253 La. 639, 219 So.2d 175 (1969). Being an heir also does not make the son a legatee under the will of his deceased father. Succession of Price, 197 La. 579, 2 So.2d 29 (1941).
Counsel for the appellants also contends that the judgment of possession was null because no inventory of the alleged incompetent’s property was made. As pointed out in the foregoing elucidation, the alleged incompetent was not a legatee, so there was no requirement that his property be inventoried in these succession proceedings. Furthermore, there was no requirement that an inventory of the succession property be made. A sworn detailed, descriptive list of such property may be filed in lieu of an inventory. The descriptive list serves the same purpose as the inventory, i. e., to provide an evaluation of the decedent’s property so that the succession representative can properly administer the property and the heirs, creditors and other interested parties will be informed of the nature and value of the decedent’s property. Succession of Willis v. Martin, 228 So.2d 732 (La.App. 3 Cir. 1969), writ refused, 255 La. 244, 230 So.2d 93 (1970).
In addition to the foregoing contentions, the appellants assert that the judgment of possession is null because the legatees failed to accept it unconditionally. A review of the succession proceedings shows that there is no merit in this assertion. The legatees under the decedent’s will were the widow and the trustee. The widow accepted the legacy made to her without condition or qualification in the petition of possession. The trustee accepted the trust as its legacy in the affidavit to the petition of possession. We find these acceptances to be unconditional within the meaning of Article 3031 of the Code of Civil Procedure.
Accordingly, we reverse the judgment of the trial court insofar as it awarded attorney’s fees to the mover, Osborne & Richard, and dismiss their action as of non-suit; we affirm the judgment of the trial court dismissing the petition to annul the judgment of possession. Costs to be taxed equally to appellants and appellee.
REVERSED IN PART; AFFIRMED IN PART.