359 So.2d 961 (1978)
In the Matter of the Succession of William W. HARLEAUX.
No. 61272.
Supreme Court of Louisiana.
May 22, 1978.
*962 Milton Osborne, Jr., Osborne & Richard, Plaquemine, for applicant.
Murphy W. Bell, Baton Rouge, for Mrs. Florence B. Harleaux, Mrs. Linda H. Spottsville and William W. Harleaux, Jr.
CALOGERO, Justice.
On December 21, 1974, William W. Harleaux died leaving a widow, Mrs. Florence B. Harleaux, a son, William W. Harleaux, Jr., a daughter, Linda Harleaux Spottsville and a community estate. By last will and testament decedent left to his wife his interest in most of the movables and personal property and his interest in the family home. The remainder of his estate Mr. Harleaux left in trust, with Mrs. Harleaux being named original income beneficiary and William Harleaux, Jr. being named successor income beneficiary. Linda Harleaux Spottsville was named principal beneficiary.
Following a judgment of possession the law firm which had handled the succession of Mr. Harleaux proceeded by rule against American Bank and Trust Company in its capacity as trustee of the testamentary trust for collection of the balance of attorney's fees purportedly due and owing for legal services performed in connection with the succession.
Trustee, defendant in rule, did not except to the mode of the proceedings. The widow and children, however, responded to the rule by filing an "Exception of Unauthorized Use of Summary Proceedings." The trial judge permitted them to intervene in the proceedings but held that as intervenors they could not object to the form of the action, relying on Code of Civil Procedure Article 1094.
The rule was tried in conjunction with an ordinary petition by the heirs to nullify the judgment of possession. (The trial court's ruling dismissing the latter petition was affirmed by the Court of Appeal for reasons expressed in their opinion with which we are in agreement.)
The trial court rendered judgment in favor of the law firm Osborne and Richard and against the trustee in the sum of $2,218.30, having concluded in reasons for that judgment that "the estate (succession) owes the attorney's fees. The trustee should pay this fee from the trust."
The trustee did not appeal from that judgment. The widow and children did.
The Court of Appeal determined the following: 1) that the widow and children were "the real parties in interest" inasmuch as they were the income and principal beneficiaries of the trust; 2) that they should not have been treated as mere intervenors; 3) that they were indispensable parties (Code of Civil Procedure, Article 641); 4) that they were entitled to challenge the use of summary proceedings to determine what attorney's fees if any should be paid by the trustee; and 5) that the exception should have been sustained (citing Code of Civil Procedure, Article 2592; Pittman Construction Company v. Housing Authority of New Orleans, 248 La. 471, 179 So.2d 900 (1965); In re Lomm, 195 So.2d 416 (La.App. 4th Cir. 1967), writ refused, 250 La. 541, 197 So.2d 81 (1967). Accordingly, the Court of Appeal reversed the judgment of the trial court insofar as it awarded the attorney's fees claimed, sustained the exception of unauthorized use of summary proceedings and dismissed the action as of non-suit. Succession of Harleaux, 351 So.2d 1267 (La.App. 1st Cir. 1977).
We granted writs, 353 So.2d 1336 (1978), upon application of the law firm which complained in its only assignment of error of the Court of Appeal's holding that beneficiaries of a trust are indispensable parties *963 to an action brought against the trust. Also pertinent to relator's position is their contention that the widow and children are at best intervenors who under Code of Civil Procedure Article 1094, may not object to the form of the action.
Relator's position is well taken.
Indispensable parties to an action are defined by Article 641 of the Code of Civil Procedure. It provides:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.
In determining which parties should be classified as indispensable to an action against a trust it is necessary to read the above article together with Code of Civil Procedure Article 742 and R.S. 9:2093. Article 742 provides that:
The trustee of an express trust is the proper defendant in an action to enforce an obligation against a trust estate.
R.S. 9:2093 provides, in pertinent part, that one of the specific duties of a trustee is to:
. . . defend all actions that may result in a loss to the trust estate . . .
Considering the above provisions together it is clear that the only indispensable party to a suit against a trust is the trustee. He is "the proper defendant in an action. . . against a trust estate." And the beneficiaries in our view have indirect interests which are not so interrelated or so directly affected that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
Therefore, the widow and children of William W. Harleaux as beneficiaries of the trust were not indispensable parties to the suit by plaintiff against the trust. They were properly allowed by the trial judge to intervene,[1] but as intervenors they could not object to the form of the proceedings.[2] And since the defendant in rule, American Bank and Trust Company, trustee, did not urge an exception to the use of summary proceedings for the collection of attorney's fees, the form of the proceeding is now unassailable. Accordingly, the judgment of the Court of Appeal will be reversed insofar as it sustained the trust beneficiaries' exception to the unauthorized use of summary proceedings.
Rather than reinstate the trial court's judgment in favor of plaintiff and against the trustee awarding attorney's fees in the sum of $2,218.30 plus legal interest, we find it necessary to remand the case to the Court of Appeal which because of its disposition of the case did not reach the issue of the propriety of that judgment. That issue is properly presented by the appeal taken by intervenors.[3]

Decree
For the foregoing reasons the judgment of the Court of Appeal is affirmed in part and reversed in part. Insofar as it affirmed the judgment of the trial court dismissing intervenor's petition to annul the judgment of possession and insofar as it taxed costs *964 equally between relator and respondent the judgment is affirmed. Insofar as it sustained intervenor's exception of unauthorized use of summary proceedings the judgment is reversed, and the case is remanded to the Court of Appeal in order for that Court to rule on the merit of intervenors' appeal from the judgment in the trial court awarding attorney's fees and legal interest.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
NOTES
[1] Code of Civil Procedure Article 1091 provides in part:

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
. . . . .
(2) Uniting with defendant in resisting the plaintiff's demand;
. . . . .
[2] Code of Civil Procedure Article 1094 provides:

An intervenor cannot object to the form of the action, to the venue, or to any defects and informalities personal to the original parties.
[3] While an intervenor may not retard the progress of a suit by excepting to the form of the proceedings he may, like a person who could intervene (C.C.Pr. Art. 2086), appeal an adverse judgment.