372 So.2d 721 (1979)
Ercilia Elrod LENY
v.
Maurice FRIEDMAN and Eugene Cerise.
No. 10005.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied July 12, 1979.
*722 Gertler & Gertler, David Gertler, James H. Looney, New Orleans, for plaintiff-appellant.
Harry A. Burglass, Metairie, for defendants-appellees.
Before SAMUEL, BEER, and GARRISON, JJ.
GARRISON, Judge.
Mrs. Ercilia Elrod LeNy, appellant herein, sued Maurice Friedman and Eugene Cerise, appellees, to nullify a $14,000 judgment they had obtained against her. Her suit was based on Louisiana Code of Civil Procedure Art. 2004.[1] Alternatively, her petition prayed that she be credited for sums paid to appellees before and after the date of the judgment sued upon. After trial on the merits of the nullity action, the district court ruled in favor of the defendants, dismissing the plaintiff's suit. Her motion for new trial was denied, and she appealed.
Messrs. Friedman and Cerise were Mrs. LeNy's attorneys for several years and represented her in extensive litigation. The judgment she attempts to nullify was taken in a suit by them against her for payment of attorneys' fees. The Friedman-Cerise suit against her was filed on August 10, 1972. On the same day, Mrs. LeNy accepted service of the petition at the Civil Sheriff's *723 office and filed an answer in proper person admitting the allegations of the petition. On August 28, 1972, the district court rendered a consent judgment against Mrs. LeNy in the amount of $14,000. That judgment had been signed by Mr. J. O. Weilbacher, III, counsel for Friedman and Cerise, and also by Mrs. LeNy in proper person. The judgment was subsequently recorded against property owned by Mrs. LeNy, but no attempt was made to execute it for several years. Friedman and Cerise continued to represent Mrs. LeNy for some time afterwards.[2]
Friedman testified that the purpose of the judgment was to protect his and Cerise's legal fees. He stated that they had undertaken the proceeding only after extensive discussion with Mrs. LeNy regarding their fees, because she preferred to have their fees fixed at a set amount rather than on an hourly basis; that the procedure was explained to her; and that she agreed to consent to the judgment against her because she had no liquid funds available to pay them, but she wished to allow them to protect their fee by recordation of the judgment. He also testified that the $14,000 amount was intended to cover future as well as past legal work, although that is not stated in the judgment. Mrs. LeNy does not deny that she signed the judgment, but she testified that she was not aware of the nature of the papers she signed. She alleges that she signed them because she trusted her attorney to prepare only proper papers for her signature. She alleges that she became aware of the judgment against her, and of its effect, only when she attempted to sell some of her property and was advised that there was a judgment recorded against it.
After hearing the evidence, the district judge concluded, in his Reasons for Judgment,
"It is obvious to this court that the plaintiff is a fairly intelligent woman who is not only able to read but who also possesses a college degree. In that light, the plaintiff has failed to convince the court that she was unaware that she signed a consent judgment against herself in the sum of $14,000.00."
Plaintiff-appellant has raised two issues on appeal: (1) whether the actions of defendants-appellees constitute fraud or ill practices such as to render the $14,000 judgment a nullity; (2) if the judgment was not null, whether it is subject to credits for sums already paid to Friedman and Cerise.
It is a basic rule of law that in the absence of fraud, a person signing a written document is presumed to know its contents and he may not avoid the obligations contained therein by claiming that he did not read the instrument. South Central Bell Telephone Co. v. McKay, 285 So.2d 563 (La. App. 1st Cir. 1973). Furthermore, the determination made by the district court regarding Mrs. LeNy's knowledge is a finding of fact which cannot be overturned in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Our review of the record convinces us that the finding here was basically a credibility question. As noted by appellees, Mrs. LeNy had been involved in extensive litigation, both as plaintiff and as defendant, regarding property, and had ample reason to be familiar with judgments and their effects. We find no manifest error in the district court's conclusion that Mrs. LeNy was aware that she was signing a $14,000 judgment against herself. In view of her knowledge, we conclude additionally that there was no fraud by appellees in having her sign the judgment.
However, the question remains to be answered whether appellees' use of this procedure against their client was an "ill practice" such as to nullify the judgment. Appellant's major contention on this point is that appellees' actions in obtaining a consent judgment against her for their fees, allegedly without her understanding what was going on, while continuing to represent *724 her, violated the Louisiana State Bar Association Code of Professional Responsibility, and as such was an ill practice making the judgment null. While it is true that violation of the Canons of the Code of Professional Responsibility might nullify a judgment thereby obtained for ill practice, a plaintiff must prove such violation. Southern Discount Company v. Williams, 226 So.2d 60 (La.App. 4th Cir. 1969).
While appellees' methods certainly constitute a bizarre billing practice, and one hardly to be recommended to other members of the bar, appellant has failed to prove it a violation of the Canons as applied to her. Our examination of the testimony in the record, as well as the pleadings and testimony in the records of previous litigation submitted as evidence in this case,[3] lead us to conclude that the doctrine applicable to this case is scienti et volenti non fit injuria (an injury is not done to one who knows and wills it).
Finally, we address the question of whether Mrs. LeNy should receive credits against the $14,000 judgment for amounts already paid to Friedman and Cerise. The district court made no express ruling on this issue, and failed to mention it in his Reasons for Judgment. LeNy raised the issue again in her motion for new trial, but the motion was denied without written reasons.
The silence of the trial court on an issue raised by the pleadings and on which evidence was offered is to be taken as a rejection of that demand, in the absence of an express reservation. Succ. of Harleaux, 351 So.2d 1267 (La.App. 1st Cir. 1967), reversed in part on other grounds, 359 So.2d 961 (La. 1978); Cagle v. Spade Drilling Co., Inc., 325 So.2d 354 (La.App. 3rd Cir. 1975); Brady v. American Ins. Co., 198 So.2d 907 (La.App. 4th Cir. 1967); Mexic Bros., Inc. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir. 1966). Since the issue of credits was pleaded by LeNy and evidence was offered on it at trial, the silence of the trial judge on the point is to be taken as a dismissal of that demand. In effect, this was a finding of fact by the trial judge that the amounts LeNy paid to Friedman and Cerise were not for legal fees, but rather were for other, unrelated services they performed (such as accounting work, court costs, management fees and repair costs regarding the succession properties, and unrelated services to Mrs. LeNy's mother). Such a finding is basically a credibility question, and the district court's findings should not be reversed absent manifest error, Canter v. Koehring Co., supra. Our review of the testimony and the evidence does not prove the district court to have been clearly wrong in his findings, and therefore we affirm. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] "A final judgment obtained by fraud or ill practices may be annullied.

"An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." La.C.C.P. Art. 2004.
[2] The record indicates that LeNy's suit for nullity was filed in response to Friedman's and Cerise's attempt to execute their judgment in 1976. They issue a writ of fieri facias to seize LeNy's interest in the Succession of Samuel Floyd Elrod. In her petition for nullity, LeNy requested an injunction to prevent the seizure.
[3] Records of prior litigation involving Mrs. LeNy which were introduced into evidence are the following, all from Civil District Court for the Parish of Orleans: (1) No. 440-312, Mrs. Geraldine de la Parra Elrod v. Mrs. Ercilia Elrod LeNy; (2) No. 448-039, Succession of Samuel Floyd Elrod; (3) No. 448-146, Succession of Samuel Floyd Elrod, et al. v. Ercilia Elrod, etc., et al.; (4) No. 452-972, Mrs. Ercilia Elrod Leny v. Mrs. Geraldine de la Parra Elrod; (5) No. 521-063, Alcide Weysham v. Mrs. Geraldine Anita de la Parra Elrod; (6) No. 542-918, Ercillia Elrod Leny v. Geraldine de la Parra Elrod; (7) No. 543-895, Maurice B. Friedman, et al. v. Ercilia Elrod Leny; (8) No. 551-244, Succession of Mrs. Geraldine de la Parra Elrod.