h PLOTKIN, Judge.
The Succession of Robert L. Treadaway, through its testamentary executor, Michael G. Gaffney (Gaffney), seeks this Court’s supervisory review of a trial court’s judgment denying its exception of “Non-Joinder of a Mandatory Party at Interest.”
Decedent, Robert L. Treadaway, Sr., died testate on July 15, 1999, survived by his two children, Julie Ann Treadaway Armstrong Fernandez (Julie) and Robert L. Treadaway, Jr. (Robbie), and three grandchildren, two of whom are minors. Decedent’s will named Gaffney as executor; Gaffney was duly qualified on August 18, 1999. Pertinent provisions of the decedent’s will make the following donations:
1. To his only children, Julie and Robbie, the decedent left the contents of his home, as well as any and all movables of personal household use or ornaments situated in the home, and the interest in all automobiles and other vehicles.
2. To Gloria Sturzl, the decedent left a sapphire ring and $7,500 cash.
3. To Julie, as trustee of the Robert Treadaway Grandchildren’s trust, the decedent left the sum of $5,000.00.
4. To Robbie, as trustee of the Robert Treadaway Grandchildren’s trust, the decedent left the sum of $10,000.00.
*1143 |25. To Gaffney, as trustee of the Robert L. Treadaway Trusts, the decedent left the residuary of his estate. The will bequeaths the income of the trusts to Julie and Robbie, with a trust to be established for each of them. It bequeaths the successor income and principal residual beneficiary interest of the Robert Treadaway Trusts for the benefit of Julie to Michael T. Armstrong, Julie’s child. It bequeathed the successor income and principal beneficiary interest of the Robert Treadaway Trusts for the benefit of Robbie to Christopher Treadaway and Ian Treadaway, Robbie’s children.
Julie and Robbie filed a petition in the succession proceedings seeking to invalidate the will on the basis of the decedent’s lack of testamentary capacity. They named as defendants the succession and the trusts created by the will, through Gaffney, as executor and trustee.
Gaffney filed a peremptory exception of non-joinder of a party defendant, arguing that the decedent’s grandchildren as beneficiaries of the trusts should be named defendants pursuant to La. C.C.P. arts. 641, 642, 645 and 2931. Julie and Robbie opposed Gaffney’s exception, arguing that the trustee, not the beneficiaries, is the proper party to represent the beneficiaries’ interests.
La. C.C.P. art. 641 was amended in 1995 to provide as follows:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
La. C.C.P. art. 2931, also evoked by Gaffney, provides, in pertinent part, as follows:
A probated testament may be annulled only by a direction action brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has not been discharged ...
1 ^Buttressing their opposition to Gaff-ney’s exception, Julie and Robbie cite the Louisiana Supreme Court’s decision in Matter of Harleaux, 359 So.2d 961 (La.1978), in which the court reversed an appellate court decision holding that the decedent’s widow and children, as beneficiaries of a trust, were indispensable parties to an action to collect attorney’s fees brought against the trust pursuant to La. C.C.P. art. 641, as it read at that time.[1] Id. The Supreme Court expressly found in Harleaux that the trustee was the only indispensable party to a suit against a trust, under the law as it existed at that time. Id.
On the other hand, Gaffney argues that Harleaux is procedurally and factually in-apposite to the case at bar because it *1144 concerned a trust debt, not the invalidation of a will. Instead, he cites Succession of Burgess, 323 So.2d 914 (La.App. 4 Cir.1975), in which this court held that legatees and trust beneficiaries were indispensable parties to a suit attacking the validity of a will.
However, neither Harleaux nor Burgess is dispositive of the issues in this writ application. As noted above, the Louisiana Code of Civil Procedure articles relative to non-joinder of parties underwent significant changes after both of those decisions. Under the current version of La. C.C.P. art. 641, a party shall be joined in an action if that party “claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may ... [a]s a practical matter, impair or impede his ability to protect that interest.” Unquestionably, the beneficiaries in this case claim an interest related to [4the subject matter of the action, since they have an interest in the will and trust the plaintiffs seek to invalidate. That is, since the plaintiffs seek to invalidate the testament and inherit the decedent’s estate by intestacy or pursuant to an earlier testament (the record being silent on this point), their interest is adverse to that of their children as the successor income and principal residual beneficiaries established by the contested testament. Moreover, adjudication of the action in their absence may, as a practical matter, impair or impede their ability to protect their interest in the will and trust. Accordingly, their joinder is needed for a just adjudication of the controversy and is required by La. C.C.P. art. 641. The trial court judgment denying the exception is therefore improper.
Gaffney also complains that despite his request, the lower court failed to rule that Gloria G. Sturzl, another legatee of the will, be joined as a defendant. Although Gaffney’s exception does contain such a request, the judgment is silent on that issue. Accordingly, Gaffney’s request concerning Ms. Sturzl is not ripe for review by this court.
Accordingly, the trial court judgment is reversed and the exception of nonjoinder of parties as to the beneficiaries of the trust is granted. The case is remanded to the trial court for further proceedings consistent with this disposition.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; EXCEPTION OF NON-JOINDER GRANTED; CASE REMANDED.

. Indispensable parties to an action are those whose interest in the subject matter are so interrelated and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.