ON REHEARING

hMAX N. TOBIAS, JR., Judge.
Appellee, Robert J. Caluda (“Calu-da”), has filed an application for rehearing coupled with a motion to supplement the record with a copy of the answer filed by his clients, Michael A. James and Antoinette Hopkins, to the intervention filed by appellants, Peter A. Barbee and Barbee & Associates, L.L.C. (collectively “Barbee”). Prior thereto, but before the opinion was rendered, Caluda also supplemented the record with Barbee’s answer to Caluda’s petition for reconvention along with Bar-bee’s answer to the interrogatories propounded to him. Because some of these pleadings were absent from the appellate record we reviewed, we are now required to consider them. In light of the new pleadings, we must amend our earlier opinion,[1] and consider other issues raised in the appeal, which were pretermitted due to the procedural problems of this matter.
| gBarbee filed three peremptory exceptions in this court before the opinion was rendered. Pursuant to La. C.C.P. art. 2163, the appellate court must consider peremptory exceptions filed for the first time in this court. The first two exceptions, no right of action and no cause of action, relate to the fact that Caluda filed a cross-claim/reconventional demand without being a party to the litigation. Obviously, this pleading was actually a petition for intervention. Although Caluda did not seek leave of court before filing his intervention, Barbee filed an answer to the intervention (referred to as a reconven-tional demand in the answer). Thus, we find that these exceptions were waived.
The third exception filed by Barbee involves the non-joinder of a party under Articles 641 and 642 pursuant to La. C.C.P. art. 927(A)(3). In particular, Bar-bee argues that Caluda failed to join as a defendant attorney Perrin Butler (“Butler”), who was attorney of record and Bar-bee’s co-counsel in the underlying litigation. La. C.C.P. art. 641 states as follows:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
|sWe note that in his cross-claim/recon-ventional demand, Caluda named only Bar-bee as a defendant. However, he failed to name Barbee and Associates, Barbee’s law firm and, more importantly, Butler, who *122 was counsel of record in the underlying litigation. In fact, Butler was the only attorney listed on every pleading filed on behalf of Walter E. James, individually and as administrator for the Estate of Walter Kerry James, although the contingency fee contract was signed by Barbee alone. It is also noted that Butler participated in the underlying trial as counsel for James, et al. Therefore, we find that Bar-bee and Associates and Butler have an interest in the fee that Caluda was awarded against Barbee. In addition, we find that the interests of Barbee, his law firm, and Butler are so interrelated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. Pecoraro v. The Napoleon Room, Inc., 95-00511 (La.App. 5 Cir. 12/13/95), 666 So.2d 1151.
In James Minge & Associates v. Hanover Insurance Co., 96-2308 (La.App. 4 Cir. 4/2/97), 692 So.2d 728, this court found that a successor attorney was an indispensable party in a lawsuit where the plaintiff sued to recover his fee from a client and its insurer in order to insure that the client did not pay an excessive fee. In the case at bar, Caluda claims that he is entitled to recover fees from Barbee based on the amount of work each attorney performed. We assume that Barbee and Butler divided the fee in some manner based on the services each provided to their clients. Thus, the work performed by all three attorneys must be examined in order to determine a fair division of the attorney’s fees.
An adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity. Frey v. American Quarter Horse Association, 95-157, p. 7 (La.App. 5 Cir. 7/25/95), 659 So.2d 849, 852. When an appellate court notices the absence of indispensable parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent parties and retrial. Succession of Treadaway, 01-0080 (La.App. 4 Cir. 3/7/01), 782 So.2d 1142; Terrebonne Parish School Bd. v. Bass Enterprises Production Co., 02-2119 (La.App. 1 Cir. 8/8/03), 852 So.2d 541, writ denied, 03-2873 (La.1/9/04), 862 So.2d 985. Consequently, we set aside the judgment in favor of Caluda and remand the matter to the trial court for a new trial.
Based on the foregoing, we grant the peremptory exception of non-joinder of a party pursuant to La. C.C.P. art. 641, reverse and vacate all judgments rendered below, and remand for a new trial.

JUDGMENTS REVERSED AND VACATED; REMANDED.

ARMSTRONG, C.J., concurs.
BAGNERIS, J., concurs in part and dissents in part for the reasons assigned by Judge BELSOME.
BELSOME, J., concurs in part and dissents in part with reasons.

. It is the responsibility of the clerk of the trial court from which a case is appealed to prepare the record for the court of appeal. Uniform Rules-Courts of Appeal R. 2-1.16. It appears from the record before us that the clerk prepared the entire record and not just portions as designated by the parties. Nonetheless, the parties have a duty to examine the appellate record to determine if the record is complete. We were presented with an instance that at least two pleadings were absent from the record below. Due to the parties' failure to confirm the record's completeness, this appeal has been made more complicated, since our original opinion was based on the absence of these pleadings.