950 So.2d 846 (2006)
In the Matter of the SUCCESSION OF Coley Austill SCOTT, Sr.
No. 2005 CA 2609.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
Writ Denied January 26, 2007.
*847 Thomas W. Acosta, Jr., Port Allen, Counsel for Appellee Dawn Scott.
Carey J. Messina, Todd A. Rossi, Scott D. Huffstetler, Baton Rouge, Counsel for Appellants Katie Robison Scott, Coley A. Scott, Jr., and Charles Allen Scott.
Gregory O. Wilson, Baton Rouge, Counsel for Appellee Steven Scott.
Forrest Scott, Denham Springs, Appellee In Proper Person.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
Appellants challenge a trial court judgment declaring that the income beneficiary of a testamentary trust was not a "named legatee" for purposes of the testament's in terrorem clause. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL HISTORY
On September 19, 2004, Coley Austill Scott, Sr., died at Our Lady of the Lake Hospital in Baton Rouge. A notarial testament executed by Mr. Scott on September 13, 2004, was filed for probate. After making particular bequests to certain individuals, the testament provided in pertinent part, as follows:
III.
I leave 50% of everything else that I own or have an interest in to my wife Katie Robison.
IV.
I leave the remaining 50% of everything else that I own or have an interest in to be divided equally by Coley A[.] Scott, Jr[.], Charles A[.] Scott, Steven Scott, Forrest Scott and to the Dawn Scott Trust created herein.
* * * * *
VIII.
If any of the named legatees should contest any provision in this will, then the naming of that person in my will shall be struck and they shall not be considered to be a legatee.
* * * * *
IX.
Trust provisions
I hereby create the following trust to be used to carry out the provisions of my will, said trust to take effect upon my death.
A. Trustee
I name Steven Scott and Forrest Scott as Trustees of this trust . . .
B. Trust Name
The name of the Trust created herein shall be the "Dawn Scott Trust".
C. Trust Property
The trust property of the trust shall consist of all of those properties bequeathed to this trust in my will . . .

*848 D. Beneficiaries
The Beneficiaries of this trust shall be as follows:
D- Dawn Scott shall be the income beneficiary of the trust for the remainder of her life and, thereafter, her children in being at the time of her death shall be the income beneficiaries.
D- The children of Dawn Scott in being at the time of her death, or the descendants of them, or the survivors of them if no descendants, shall be the principal beneficiaries of the trust.
Paragraph VIII of the will consists of an in terrorem clause. An "in terrorem clause," also called a "no-contest clause," is a testamentary provision providing for the revocation of a bequest if a legatee contests the validity of the will. BLACK'S LAW DICTIONARY 819 (6th ed.1990).
In June 2005, Mr. Scott's daughter, Dawn Scott, filed a petition for a declaratory judgment seeking a declaration that she was not subject to the in terrorem clause in her father's will because she was not one of the "named legatees." Following a hearing, the trial court ruled in favor of Dawn Scott and granted the declaratory judgment. This appeal by Katie Robison Scott, Coley A. Scott, Jr., and Charles Allen Scott followed.

DISCUSSION
Controlling in this matter is La. C.C. art. 1611, which provides:
A. The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.
B. When a testament uses a term the legal effect of which has been changed after the date of execution of the testament, the court may consider the law in effect at the time the testament was executed to ascertain the testator's intent in the interpretation of a legacy or other testamentary provision.
Thus, if the language of the testament is unambiguous, the will must be carried out according to its written terms, without reference to extrinsic evidence. See Succession of Williams, 608 So.2d 973, 975 (La. 1992). Based upon our review, we find no ambiguity in the will at issue herein. The in terrorem clause clearly prohibits "named legatees" from contesting the will. The term "named legatees" is not ambiguous.
According to La. C.C. art. 871, a succession "is the transmission of the estate of the deceased to his successors. The successors thus have the right to take possession of the estate of the deceased after complying with applicable provisions of law." There are two kinds of succession: testate and intestate. La. C.C. art. 873. Accordingly, there are two kinds of successors: testate successors, also called legatees, and intestate successors, also called heirs. La. C.C. art. 876. Thus, a legatee, as that term is understood, is one entitled to take possession of the estate of the deceased pursuant to the terms of a testament.
In Succession of Carriere, 216 So.2d 616, 618-19 (La.App. 4th Cir.1968), appl. denied, 253 La. 639, 219 So.2d 175 (1969), the court noted the following:
A trust, as delineated in the Louisiana Trust Code, is the relationship resulting from the transfer of title of property to *849 a person to be administered by him as a fiduciary for the benefit of another. [La. R.S. 9:1731.] A trust may be created by testament, provided that the testament is confected in one of the forms prescribed by law for donations mortis causa. [La. R.S. 9:1732, 9:1733 and 9:1751.] Moreover, the trust instrument may dispose of property to the same extent that it may be alienated free of trust, and it may impose any condition not forbidden by law or against public morals.
Under the Trust Code, the trustee is vested with title to the trust property, which he must administer as a fiduciary. [La. R.S. 9:1781.]
* * * * *
The foregoing elucidation leads to the following conclusions. When property is bequeathed in a trust, title thereto vests in the trustee. The trustee is the proper person to sue to enforce the rights of the trust, and there is no provision in our law which prohibits the trustee, as a legatee under a testament, from filing a petition for simple possession in conformity with the rationale of Articles 3031-3035 of the Code of Civil Procedure.
* * * * *
[W]e are convinced that the lower court erred in refusing to send the trustee of the trust created in the probated testament into simple possession, since all of the requirements therefor have been met and since the trustee is legally entitled to sue to enforce all rights of the trust, including the right to be placed in possession.
This court also recognized the distinction between the legal status of the trustee and that of the trust beneficiary in Succession of Harleaux, 351 So.2d 1267, 1270-71 (La.App. 1st Cir.1977), aff'd. in part, rev'd. in part, 359 So.2d 961 (La.1978), when it determined that a trust beneficiary, although benefiting from the testamentary trust established by the decedent, was "not a legatee under the will."[1] It follows then that it is the trustee, and not a beneficiary, who is a legatee under the will. It is presumed that an attorney knows the law and has clearly expressed the testator's intent in drafting the will. Succession of Acy, 97-0661, p. 7 (La.App. 1st Cir.4/8/98), 711 So.2d 341, 345.
Simply put, the mere fact that Dawn Scott is a beneficiary of the trust does not render her a "named legatee." The unnamed existing and future children of Dawn Scott are also beneficiaries of the trust, and clearly they are not "named legatees." Because Dawn Scott is not a "named legatee" as that term is unambiguously understood, the court cannot disregard the clear language of the will in an effort to ascertain the intent of the testator. Accordingly, we find that the trial court did not err in granting a declaratory judgment in favor of Dawn Scott.

CONCLUSION
For the foregoing reasons, the judgment appealed from is hereby affirmed and this case is remanded for proceedings consistent with this opinion. All costs of this appeal are assessed to appellants, Katie *850 Robison Scott, Coley A. Scott, Jr., and Charles Allen Scott.
AFFIRMED AND REMANDED.
McCLENDON, J., dissents and assigns reasons.
McCLENDON, J., dissenting.
I must respectfully dissent, finding the term named legatee, as it relates to testamentary trusts, to be ambiguous. Therefore, I believe that the court should have examined the testator's intent. See LSA-C.C. art. 1611.
NOTES
[1] Under Louisiana law, title to the trust property vests in the trustee alone, and a beneficiary has no title to or ownership interest in trust property, but only a civilian "personal right" vis-a-vis the trustee, to claim whatever interest in the trust relationship the settlor has chosen to bestow. Bridges v. Autozone Properties, Inc., XXXX-XXXX, p. 18 (La.3/24/05), 900 So.2d 784, 796-97.