CRAIN, J.
|2In this succession proceeding, the executrix appeals a partial judgment of possession. We reverse and remand.
FACTS
Edward A. Cannon, Jr. (Edward) died testate on June 29, 2012. He was survived by his spouse and four children from a prior marriage, namely Edward A. Cannon, III, Wayne A. Cannon, Deanna L. Cannon (collectively referred to as the “siblings”), and Brenda A. Cannon (Brenda). Edward executed a statutory will on *1109 November 20, 1981, that bequeathed all of his property to a testamentary trust, the “EDWARD A. CANNON, JR. TRUST” (Trust), with Jerome J. Reso, Jr. designated as the trustee (Trustee), and Edward’s four children designated as the principal and income beneficiaries, in equal parts. The will appointed Brenda to serve as executrix of the estate.
According to the Trust’s terms, a beneficiary will receive his share of the Trust’s principal (less $10.00) and any undistributed income on the latest of the following events: (1) the date on which a judgment of possession is issued which places the testator’s heirs or legatees in possession of the estate, (2) the date on which the Internal Revenue Service accepts the estate tax return, or (3) the date the beneficiary attains the age of 30. When the last beneficiary turns 30, the Trustee shall distribute the previously withheld $10.00 to each beneficiary. The parties here agree that the second and third termination provisions of the Trust are no longer applicable, so the Trust will terminate upon the issuance of a judgment of possession.
Shortly after her father’s death, Brenda commenced this succession proceeding and obtained an order probating the 1981 statutory will and appointing her as executrix of Edward’s estate. The principal assets in the succession are the shares of EAC-CO, Inc., a privately held business that was wholly owned by ^Edward, and a building that housed EACCO’s operations. Approximately 13 months after probating the 1981 statutory will, Brenda filed a petition seeking to probate a purported olographic codicil that allegedly amended the 1981 statutory will to, among other changes, bequeath full ownership of EAC-CO to Brenda. The siblings objected and asserted that the document did not comply with the requirements for an olographic codicil, because it was not signed at the end and did not reflect testamentary intent. The trial court agreed with the siblings and signed a judgment denying and dismissing the petition to probate the alleged codicil. In a companion case also decided this date, Brenda appealed that judgment, and this court affirmed the trial court’s ruling. See Succession of Cannon, 14-0059 (La.App. 1 Cir.3/25/15), 166 So.3d 1097.[1]
After the trial court dismissed the petition to probate the alleged codicil, the siblings filed a petition requesting, in pertinent part, that the administration of the estate be terminated and that all assets be placed in the possession of the siblings and Brenda. Brenda opposed the petition and cited the siblings’ failure to comply with Louisiana Code of Civil Procedure articles 3372 and 3031-33, which set forth the procedural requirements for obtaining a judgment of possession under the present circumstances. More specifically, at any time prior to the homologation of the final tableau of distribution, Article 3372 permits “the legatees in a testate succession” to be sent into possession of all or part of their respective legacies “upon filing a petition for possession as provided in Articles 3031 through 3035, except that the proceeding shall be contradictory with the executor.” Brenda asserted that the siblings’ petition was improper because it was not filed by all of the legatees, the legatees had not accepted the succession, and the petition did not allege that the legatees were all competent.
*1110 14After a hearing on the matter, the trial court denied the siblings’ request to terminate the administration -but partially granted the request for a judgment of possession, ruling, “[T]he Court is going to place all the heirs in partial possession of the shares of EACCO.” The court signed a judgment on October 18, 2013, that placed the EACCO shares “in [the] possession of the EDWARD A. CANNON, JR. TRUST, in accordance with” the 1981 statutory will. Brenda, in her individual capacity and as the executrix of Edward’s succession, appealed the judgment.
After the appeal was filed, this court issued a rule to show cause why the appeal should or should not be dismissed as an appeal from a partial judgment that was not designated as final by the trial court as required by Louisiana Code of Civil Procedure article 1915 B. The trial court subsequently signed an order designating its October 18, 2013 judgment as a partial, final judgment pursuant to Article 1915 B(l), to the extent that it consists of a partial judgment of possession as to the Succession’s shares in EACCO, Inc., and stating that there was no just reason for delay. The trial court also provided oral reasons in support of that finding. Another panel of this court maintained the appeal but noted that the propriety of the Article 1915 B designation was ultimately reserved for the panel to which the appeal was assigned.
The siblings filed a separate motion to dismiss the appeal asserting that the trial court had removed Brenda as executrix of Edward’s succession after the appeal was filed. The siblings further argue that the appeal filed in Brenda’s capacity as the executrix should be dismissed because the appeal is for Brenda’s personal benefit only. Before addressing the merits of the appeal, we first consider this court’s appellate jurisdiction and the siblings’ motion to dismiss.
APPELLATE JURISDICTION AND MOTION TO DISMISS
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Welch v. East Baton Rouge Parish Metropolitan Council, 10-1531 (La.App. 1 Cir. 3/25/11), 64 So.3d 244, 247-48. Although the trial court designated the October 18, 2013 judgment to be a final one under Article 1915 B, that designation is not determinative of this court’s jurisdiction. Van ex rel. White v. Davis, 00-0206 (La.App. 1 Cir. 2/16/01), 808 So.2d 478, 480. We must ascertain whether this court has appellate jurisdiction to review the partial judgment of possession. Because the trial court gave reasons for certifying the judgment as immediately appeal-able, we review the certification applying the abuse of discretion standard. R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, 1122.
The trial court reasoned that the award of possession of the EACCO shares, while related to the remaining issues in the succession, is not dependent upon those issues for common resolution, nor inextricably related to those issues. Given the relative finality of the ruling, the court also found no possibility that the need for review would be mooted. Considering the foregoing, we find no abuse of discretion by the trial court in designating the October 18, 2013 judgment as final for purposes of immediate appeal, insofar as it constitutes a partial judgment of possession as to the Succession’s shares in EAC-CO, Inc. See R.J. Messinger, Inc., 894 So.2d at 1122.
We also find no merit to the siblings’ motion to dismiss the appeal. The siblings attached to their motion a copy of *1111 a judgment signed by the trial court on July 23, 2014, that removed Brenda as executrix. The judgment is not in the appellate record of either of the companion appeals in this proceeding; and, as a general matter, this court does not consider attachments to briefs that are not in the appellate record. See La.Code Civ. Pro. art. 2128; Daigle v. Tallow Creek, LLC, 12-1656 (La.App. 1 Cir. 6/7/13), 2013 WL2487746, p. 5; Therrell v. Rowan Companies, Inc., 09-1546 (La.App. 1 Cir. 12/22/10), 2010 WL 5465624, p. 4. Nonetheless, regardless of the trial court’s apparent removal of Brenda as |fiexecutrix, there is no dispute that Brenda filed the appeal while she was serving as executrix. The removal of a succession representative from office does not invalidate any of her official acts performed prior to her removal. La.Code Civ. Pro. art. 3182. Consequently, the removal of Brenda as executrix does not affect the status of an appeal timely perfected by her before that removal. The appeal remains pending, no request has been filed on behalf of the succession to dismiss it, and no successor executor or executrix has been substituted as the appellant. See Rule 2-9, Uniform Rules, Courts of Appeal; La.Code Civ. Pro. arts. 805, 821. The siblings’ motion to dismiss the appeal has no merit and is denied.[2]
DISCUSSION
On appeal, Brenda first contends that the trial court erred in putting the Trust into possession of the EACCO shares because the Trustee did not file the petition for possession. The siblings’ petition for a judgment of possession is governed by Louisiana Code of Civil Procedure article 3372, which provides:
At any time prior to the homologation of the final tableau of distribution, the legatees in a testate succession may be sent into possession of all or part of their respective legacies upon filing a petition for possession as provided in Articles 3031 through 3035, except that the proceeding shall be contradictory with the executor. Upon the filing of such a petition, the court shall order the executor to show cause why the legatees should not be sent into possession. If the legatees are sent into possession of a part of their respective legacies, the executor shall continue to administer the remainder. [Emphasis added.]
As indicated by the emphasized language, Article 3372 authorizes a judgment of possession only when “the legatees” petition the court for possession. A “legatee” is one entitled to take possession of the estate of the deceased pursuant to the terms of a testament. See La. Civ.Code arts. 871, 876; In re Succession of Scott, 05-172609 (La.App. 1 Cir. 11/3/06), 950 So.2d 846, 848, writ denied, 06-2813 (La.1/26/07), 948 So.2d 176.
The siblings do not dispute that Edward placed the entirety of his estate in a testamentary trust. In Article II of his will, Edward left “all of the property of which I die possessed to my children, in equal portions, but in trust as hereinafter set forth in Article III hereof.” Article III sets forth the terms and conditions of the Trust and designates Edward’s children as the principal and income beneficiaries.
*1112 A trust “is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another.” La. R.S. 9:1731; U.S. Bank National Association v. Dumas, 12-1902 (La.App. 1 Cir. 4/3/14), 144 So.3d 29, 37, writ denied, 14-0943 (La.8/25/14), 147 So.3d 1119. A trust is testamentary when it is created by a donation mortis causa, such as a statutory will. See La. R.S. 9:1733, 1751; Succession of Stoneman, 490 So.2d 333, 335 (La. App. 1 Cir.1986). Title to the trust property vests in the trustee alone, and a beneficiary has no title to or ownership interest in trust property, but only a civilian “personal right” -vis-a-vis the trustee, to claim whatever interest in the trust relationship the settlor has chosen to bestow. See La. R.S. 9:1731 and 1781; Bridges v. Autozone Properties, Inc., 04-0814 (La.3/24/05), 900 So.2d 784, 796-97.
The siblings contend that their beneficial interests in the Trust are sufficient to allow them to petition the court to place the Trustee in possession of the estate under Article 3372, particularly where the Trust will terminate upon the entry of a judgment of possession. Although our courts have not previously considered whether a trust beneficiary can petition the court for a judgment of possession under Article 3372, the jurisprudence has repeatedly recognized that when a testamentary trust is created, the “legatee” of the estate is the trustee, not the income or principal beneficiaries. See In re Succession of Scott, 05-2609 (La.App. 1 Cir. 11/3/06), 950 So.2d 846, 849, writ denied, 06-2813 (La.1/26/07), 948 So.2d 176 (“It follows then that it is the trustee, and not a beneficiary, who is a legatee under the will.”); Succession of Harleaux, 351 So.2d 1267, 1270 (La.App. 1 Cir.1977), affirmed in part, reversed in part on other grounds, 359 So.2d 961 (La. 1978) (“While, as a trust beneficiary, the [decedent’s] son does benefit from the testamentary trust, he is not a legatee under the will.”);[3] Succession of Hines, 341 So.2d 42, 45 (La.App. 3 Cir.1976) (“Thus, we must conclude that the particular legatee herein of the stock held in trust is the trustee itself and not the beneficiary.”); see also La.Code Civ. Pro. art. 699 (“Except as otherwise provided by law, the trustee of an express trust is the proper plaintiff to sue to enforce a right of the trust estate.”) .
A trustee’s authority to petition the court for a judgment of possession was recognized in Succession of Carriere, 216 So.2d 616, 619 (La.App. 4 Cir.1968), writ denied, 253 La. 639, 219 So.2d 175 (1969), wherein the trustee was the sole legatee in the decedent’s will. Without the concurrence of the executor named in the will, the trustee in Carriere petitioned the court to be placed in possession of the estate without an administration pursuant to Louisiana Code of Civil Procedure article 3031, which is incorporated into Article 3372 by reference and permits a judgment of possession on the ex parte petition of the “legatees,” subject to several requirements. The trial court refused to place the trustee in possession and ordered an administration of the estate, but the court of appeal reversed, explaining:
When property is bequeathed in a trust, title thereto vests in the trustee. The trustee is the proper person to sue to enforce the rights of the trust, and there is no provision in our law which prohibits the trustee, as a legatee under a testament, from filing a petition for simple possession in conformity with the *1113 rationale of Articles 3031-3035 of the Code of Civil Procedure.
I ⅜ ‡ ‡
[W]e are convinced that the lower court erred in refusing to send the trustee of the trust created in the probated testament into simple possession, since all of the requirements therefor have been met and since the trustee is legally entitled to sue to enforce all rights of the trust, including the right to be placed in possession.
Succession of Garriere, 216 So.2d at 619.
In the present case, the Trustee is the sole legatee of Edward’s estate; however, neither the Trustee nor the executor petitioned the court for a judgment of possession. Instead, the petition was filed on behalf of the beneficiaries of the Trust. The siblings have cited no authority permitting a trial court to grant a judgment of possession at the sole request of the beneficiaries of a testamentary trust where neither the executor nor the trustee joins in the petition. The articles relied upon by the siblings, Article 3372 and, by reference therein, Article 3031, unequivocally require that the “legatees” petition the court for the judgment of possession.
We are not persuaded by the siblings’ argument that we should disregard the Trust because “for all practical purposes [it] had terminated on its face.” Although no party disputes that the Trust will terminate on the “date on which a Judgment of Possession is issued by a court,” the Trust nevertheless remains in full force and effect until that date. The Trust’s existence and the Trustee’s status as the sole legatee of Edward’s estate cannot be disregarded merely because the Trust will eventually terminate upon the issuance of a judgment of possession.[4]
The siblings also argue that any “procedural flaw” in their petition was “cured and ratified” when the Trustee signed an authentic act accepting and distributing the EACCO shares. In the law of agency, ratification is the adoption by one person of an act done on his behalf by another without authority. Florida v. Stokes, 05-2004 (La.App. 1 Cir. 9/20/06), 944 So.2d 598, 603. The concept of ratification has no application in this instance, because the siblings did not purport to file the petition on behalf of the Trustee; the petition was filed on behalf of the siblings. Furthermore, the siblings’ lack of statutory authority to request a judgment of possession cannot be “cured” by the Trustee after the rendering of a judgment of possession. This deficiency in the petition for possession could only be cured by the Trustee, as the sole legatee, joining in the petition prior to the signing of a judgment of possession. See La. Civ.Code arts. 3372, 3031.
Articles 3372 and 3031 do not authorize the granting of a partial judgment of possession where the sole legatee of the decedent’s estate did not file or join in the petition for possession. For this reason, the trial court erred in placing the Trust in possession of the EACCO shares in the October 18, 2013 judgment. Finding merit in this assignment of error, we reverse the partial judgment of possession on this basis and pretermit consideration of Brenda’s remaining assignments of error.
CONCLUSION
We reverse that portion of the October 18, 2013 judgment that placed the Edward A. Cannon, Jr. Trust in possession of the *1114 shares of EACCO, Inc. All costs of this appeal are assessed to Edward A. Cannon, III, Wayne A. Cannon, and Deanna L. Cannon; and this matter is remanded to the trial court for further proceedings.
MOTION TO DISMISS APPEAL DENIED; OCTOBER 18, 2013 JUDGMENT REVERSED IN PART; CASE REMANDED.
HOLDRIDGE, J., concurs with reasons.

. In response to a motion filed on behalf of Brenda, this court signed an order permitting the parties to make citations in this appeal to documents contained in the appellate record lodged in the appeal bearing docket number 2014CA0059. See Rule 2-1.14, Uniform Rules, Courts of Appeal.

. The siblings also argue that the appeal is improper because it only benefits Brenda personally. We rejected this same assertion in denying a motion to dismiss in the related appeal and again find no merit in the argument for those same reasons. See Succession of Cannon, 14-0059 (La.App. 1 Cir.3/25/15), 166 So.3d 1097. Lastly, the siblings seek an order decreeing that the succession is not responsible for Brenda's attorney’s fees incurred in bringing the appeal; however, the succession's liability for such fees, if any, is not before the court in this appeal. That aspect of the siblings' motion is also denied.

. The supreme court affirmed the portion of the court of appeal's ruling finding that a beneficiary of a testamentary trust is not a legatee. See Matter of Harleaux, 359 So.2d 961, 963 (La.1978) (affirming dismissal of petition to annul judgment of possession).

. We express no opinion as to whether a partial judgment of possession is sufficient to terminate the Trust under Article 3.2 of the Trust instrument; however, even if a partial judgment of possession was sufficient, the Trustee remains the sole legatee of the estate.