13 So.2d 256

FUTCH v. HOLLOWAY,

No. 36152.

March 8, 1943.

Rehearing Denied April 12, 1943.

S. S. Reid, of Amite, for defendant and appellant.

Ellis & Bostick, of Amite, for plaintiff and appellee.

ROGERS, Justice.

Mrs. Maude Holloway Futch, the divorced wife·of George Allen Futch, died testate in February, 1935, leaving an estate consisting of separate property. By her will, she gave her property to her minor daughter, the issue of her marriage with George Allen Futch, and appointed her brother, Herman H. Holloway, as executor. The will was probated on March 12, 1935, and, on the same day, Herman H. Holloway was qualified as testamentary executor.

In accordance with his petition filed on March 4, 1935, George Allen Futch was confirmed as natural tutor of his minor daughter and letters of tutorship were issued to him. Herman H. Holloway, who was appointed under-tutor to the minor, never qualified as such. Although an order was granted and a commission issued to the clerk of court to make an inventory of the property of the deceased in Tangipahoa Parish, no inventory was made in the tutorship proceeding, but an inventory of the property was made by the clerk in accordance with an order and commission issued in the succession proceeding. Two inventories of the real estate situated in Livingston Parish were made by the clerk of court under commissions issued to him for that purpose. One of the inventories was made in the tutorship proceeding and the other was made in the succession proceeding.

On August 10, 1939, Herman H. Holloway, testamentary executor, filed, what he styled, a first provisional account in the succession proceeding. On this account, the executor charged himself with the value of the personal property shown on the inventory taken by the Clerk of Court óf the Parish of Tangipahoa subject, however, to certain reductions in values as set forth in his petition presenting the account. No mention was made in the account of the real estate situated in the Parish of Livingston. The account showed the payment of certain expenses incurred on behalf of the succession and a number of unpaid debts incurred by the decedent. In his petition accompanying the account, the testamentary executor set forth that none of the property described in the inventory

had been disposed of. The executor alleged that sixty-eight shares of the Security Homestead Association, appraised in the inventory at $50 a share, were of doubtful value because the homestead association was in the course of liquidation by the State Banking Department. He also alleged that two judgments, listed in the inventory and appraised at $150 each, were worthless and uncollectible. Because it was not saleable at the time, he proposed to hold the remaining property intact.

George Allen Futch, as natural tutor, filed an opposition to the account, especially opposing the cash items which the executor claimed were due him. He averred that he was entitled to a final account and to the possession of all the property belonging to his minor daughter. This opposition was in turn opposed by the executor on the ground that Futch was not the legally qualified tutor of his minor daughter and that he had failed to cause the inventories required by law to be made. The opposition of George Allen Futch, natural tutor, was dismissed on November 21, 1939, and on April 10, 1940, the provisional account filed by Holloway, testamentary executor, was approved by the court, with a slight amendment. Thereafter George Allen Futch took the necessary proceedings to have himself properly qualified as the natural tutor of his minor daughter. He then filed a rule in the tutorship proceedings to compel Holloway, the testamentary executor, to file a final account and to deliver to him all the property inherited by his ward from her deceased mother which was under the administration of the executor.

The executor excepted to the rule on the ground, first, that not being a party to the proceeding and not being the custodian of any property judicially recognized as belonging to the minor, or of which she had been sent into possession in the succession of her deceased mother, the proceeding by rule was not authorized; second, that the allegations of the rule were too vague and uncertain to require an answer; and third, that the rule failed to disclose a right or cause of action.

On the trial of the rule, the exceptions were overruled, and after the record in the Succession of Mrs. Maude Holloway Futch, No. 766 of the docket of the Twenty-first Judicial District Court for the Parish of Tangipahoa, and the record in the matter of the Tutorship of Maude Allen Futch, No. 762 of the docket of the same court, were offered and filed in evidence, the trial judge rendered a judgment ordering Herman H. Holloway, testamentary executor, to file a final account of his administration and, upon the homologation of the account, that the executor deliver to the plaintiff in rule all the property he has in his possession belonging to his ward as the heir of her deceased mother. Herman H. Holloway, the testamentary executor, appealed from the judgment.

It is contended on behalf of the testamentary executor that it is impossible for him to file a final account because, as shown on the provisional account, there are numerous debts due by the succession which can not be paid without selling the property on hand. The suggestion is made in the brief of counsel for the executor that

"the proper action for the plaintiff in this case would have been to file proceedings to compel the executor to dispose of sufficient property with which to pay the debts and, after that was done, to file a final account of his administration." It is pointed out in the brief that the only serious creditor of the succession is the executor himself and that as long as he is willing to permit matters to remain in statu quo, no action can be taken except to compel the sale of sufficient property to pay the debts. It is also stated in the brief that on the argument of the exception of no cause of action, the writer of the brief "offered to file a final account if the court would instruct him just how the same could be filed in view of the fact that debts remained unpaid, and that the bulk of the property was still not disposed of. The further offer was made to apply to the court for the necessary order of sale in order to realize sufficient funds to pay the debts, or to exhaust the remaining property, but this was likewise refused, and, without assigning any reasons therefor, the court simply ordered the executor to file a final account."

In the brief filed on behalf of the natural tutor, plaintiff in rule, it is stated that the only question before the court in this case is whether or not the plaintiff-appellee has the right to end a long drawn out executorship so that the property belonging to his ward can be delivered to him who undoubtedly and unquestionably has a right to its possession for the use and benefit of the minor. The argument is made that the

judge of the district court is not called upon to direct or suggest to the defendant-appellant and his counsel the method by which he should file his final account or to advise them how to proceed.

Heirs have a right to compel an executor to file an annual account. Civil Code, articles 1191, 1674; Code of Practice, article 997. They also have the right to terminate the executor's administration at any time they desire to do so upon complying with the requirements of the law. Civil Code, articles 1012, 1671; Code of Practice, articles 1000, 1001, 1003; Succession of Benoit, 196 La. 509, 199 So. 625.

In this case the tutor has not tendered the executor the amount required for the payment of the debts, nor has he offered to furnish security to secure their payment. It is therefore necessary to sell the property in order to liquidate the succession and ascertain the interest of the minor therein. In his argument before this court, counsel for the testamentary executor has repeated the offer he made in the trial court, that he was willing to file a final account if given the opportunity to apply for the necessary order of sale in order to realize sufficient funds to pay the debts of the succession. In reply, counsel for the tutor, plaintiff in rule, stated that would be satisfactory to the tutor of the minor; that what they desired was to bring the administration of the executor to an end and to have the property belonging to the minor delivered to the tutor for the use and benefit of his ward.

■ This estate has been under the administration of the executor for a period of approximately seven years. He can not prolong that administration further in view of the demand of the heir through her tutor that it be brought to a close.

The proceedings have been very irregular, but as it is to the interest of all parties that the litigation should be settled without additional expense and delay, we shall render such judgment as we think will bring about that result.

For the reasons assigned, the judgment appealed from is recast so as to read as follows: It is ordered that there be judgment in favor of plaintiff in rule, George Allen Futch, tutor of the minor, Maude Allen Futch, and against respondent in rule, Herman H. Holloway, testamentary executor of the Succession of Maude Holloway Futch, ordering the testamentary executor to forthwith apply for and obtain from the district court an order for the sale of the property of the succession, or so much thereof as may be necessary to pay the debts and charges thereof; that upon the receipt of the proceeds derived from the sale, he shall forthwith file a final account of his administration as testamentary executor of the Succession of Mrs. Maude Holloway Futch, No. 766 of the docket of the Twenty-first Judicial District Court, Parish of Tangipahoa, and that upon the homologation of the account he shall deliver to plaintiff in rule, George Allen Futch, natural tutor of Maude Allen Futch, all the property which he may have in his possession belonging to the minor; all costs to be paid by the Succession of Maude Holloway Futch.

ODOM, J., takes no part.