# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1030

## SUCCESSION OF GEORGE RUSSELL CHAMBERS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 32316
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

REVERSED AND REMANDED.

Lawrence Sean Corcoran
Hunter, Hunter & Sonnier, LLC
1807 Lake Street
Lake Charles, LA 70601
(337) 436-1600
COUNSEL FOR PLAINTIFF-APPELLANT:
    Chambers Medical Foundation


Frank Alton Granger
Attorney at Law
1135 Lakeshore Drive, 6th Floor
Lake Charles, LA 70601
(337) 439-2732
COUNSEL FOR DEFENDANT-APPELLEE:
    Succession of George Russell Chambers

**PICKETT, Judge.**

The Chambers Medical Foundation (the Medical Foundation) appeals a judgment of the trial court granting an exception of no right of action filed on behalf of the Succession of George Russell Chambers.

**STATEMENT OF THE CASE**

George Russell Chambers died on March 27, 1995. Mr. Chambers' last will and testament bequeathed half of his estate to his wife, Rita Chambers, and half of his estate to be divided equally between his three children, Russell C. Chambers, Julie Chambers Askew, and Linda Chambers. The parties entered into a compromise agreement in December 1995 to divide the assets. In this agreement, Rita, Russell, Julie, and Linda agreed to divide certain assets in the succession among themselves. Russell donated his one sixth of the remaining rights in the estate to his sisters, in equal portions. As for the remainder of the assets, the agreement states:

> Except as expressly provided to the contrary on paragraphs 3 through 9 in this Agreement, above, the assets, properties, rights, debts, liabilities, charges, expenses, and other obligations of the GRC Estate (the "GRC Residuary Estate") shall be owned, divided, and allocated among Rita Chambers, Julie Askew, and Linda Jenkins in the proportions of one-half (1/2) to Rita Chambers, one-fourth (1/4th) to Julie Askew, and one-fourth (1/4th) to Linda Jenkins upon the distribution of the GRC Estate. In consideration for Rita Chambers' desire to make a donation in memory of her loving husband, GR Chambers, Rita Chambers hereby donates and assigns unto the Medical Foundation one-half (1/2) of her interest in the GRC Residuary Estate, such that Rita Chambers, Julie Askew, Linda Jenkins, and the Medical Foundation shall henceforth own and divide the GRC Residuary Estate in equal proportions of one-fourth (1/4th) each. Dr. Chambers and Edwin K. Hunter appear herein as the trustees of the Medical Foundation and accept this donation and assignment with gratitude.

Throughout the last nineteen years, the succession has made distributions to Rita, Julie, Linda, and the Medical Foundation. On April 2, 2014, the Medical

Foundation filed a motion to close the succession. The succession filed an exception of no right of action, claiming that the Medical Foundation was not an heir to Mr. Chambers, and therefore lacked standing.

Following a hearing, the trial court agreed that the compromise agreement did not confer upon the Medical Foundation the status of an heir, and therefore the exception of no right of action was sustained. The Medical Foundation now appeals.

## ASSIGNMENT OF ERROR

The Medical Foundation asserts one assignment of error:

> The trial court erred in granting the estate's peremptory exception of no right of action through its finding that the law does not allow for the donation and assignment of rights as an heir to another.

## DISCUSSION

This court explained the basic tenets of appellate review of a judgment granting an exception of no right of action in *Mississippi Land Co. v. S & S Properties II, Inc.*, 01-1623, pp. 2-3 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200, 1202-3:

> Under La.Code Civ.P. art 927, a defendant may raise the peremptory exception of no right of action. An exception of no right of action has the function of determining whether the plaintiff has any interest in the judicially enforced right asserted. *St. Jude Medical Office Bldg., Ltd. Partnership v. City Glass and Mirror, Inc.*, 619 So.2d 529 (La.1993). The function of this exception is to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. *Yolanda F.B. v. Robert D.R.*, 00-958 (La.App. 3 Cir. 12/6/00); 775 So.2d 1107. The determination of whether a plaintiff has a right of action is a question of law. *Horrell v. Horrell*, 99-1093 (La.App. 1 Cir. 10/6/00); 808 So.2d 363, *writ denied*, 01-2546 (La.12/7/01); 803 So.2d 971. Accordingly, we review exceptions of no right of action *de novo*. *Id.*

2

Our supreme court has instructed us that when an appellate court reviews a ruling on an exception of no right of action, it "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10-2267, p. 7 (La. 10/25/11), 79 So.3d 246, 256.

"It shall be the duty of a succession representative to close the succession as soon as advisable." La.Code Civ.P. art. 3197. Heirs "have the right to terminate the executor's administration at any time they desire to do so upon complying with the requirements of the law." *Futch v. Holloway*, 13 So.2d 256, 258 (La.1943). The question presented in this case is whether the Medical Foundation was assigned the rights of an heir by virtue of the compromise agreement.

In the compromise agreement, the language relevant to this question is:

> Rita Chambers hereby donates and assigns unto the Medical Foundation one-half (1/2) of her interest in the GRC Residuary Estate, such that Rita Chambers, Julie Askew, Linda Jenkins, and the Medical Foundation shall henceforth own and divide the GRC Residuary Estate in equal proportions of one-fourth (1/4th) each. Dr. Chambers and Edwin K. Hunter appear herein as the trustees of the Medical Foundation and accept this donation and assignment with gratitude.

The succession argues that this language merely accomplished a donation of half of Rita's interest in the assets of the GRC Residuary Estate. The Medical Foundation argues that Rita assigned half of her interest and rights in the GRC Residuary Estate to the Medical Foundation. This assignment of rights enables the Medical Foundation to exercise all the rights of an heir, including an action to close the succession.

The interpretation of a contract requires the determination of the common intent of the parties. La.Civ.Code art. 2045. If the words of a contract are clear, explicit, and lead to no absurd consequences, no further interpretation may be made to determine of the parties' intent. La.Civ.Code art. 2046. Every provision in a contract must be interpreted in light of the other provisions, so that each is given the meaning suggested by the contract read in its entirety. La.Civ.Code art. 2050.

The Civil Code clearly contemplates that an heir may assign her rights in a succession. La.Civ.Code art. 2650. We find that the language of the compromise agreement does not simply grant the Medical Foundation one half of the distributions Rita receives from the GRC Residuary Estate. In the compromise agreement, Rita specifically "donates and assigns" half of her interest in the GRC Residuary Estate. The compromise clearly states that Rita, Julie, Linda, and the Medical Foundation will be co-equal owners of the GRC Residuary Estate. By authentic act, the trustees of the Medical Foundation accepted this donation and assignment. We are not convinced by the succession's argument that Rita only agreed to donate half of any distributions she may receive from the succession.

We find that Rita assigned the rights she had as an heir of one quarter of George Russell Chambers estate to the Medical Foundation. Thus, the Medical Foundation may exercise all the rights of an heir, including the right to seek a judicial decree closing the succession. The trial court erred in sustaining the exception of no right of action.

## CONCLUSION

The judgment of the trial court is reversed, and the exception of no right of action filed by the succession representative is overruled. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to the Succession of George Russell Chambers.

**REVERSED AND REMANDED.**