THERIOT, J.
The appellant, Wilfred James Naquin, appeals the judgment of possession of the Nineteenth Judicial District Court in the Succession of Wilfred Joseph Naquin, Jr. For the following reasons, we reverse the judgment and remand to the district court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
The decedent, Wilfred Joseph Naquin, Jr., died testate on May 17, 2015. In his last will and testament, he named his two children, Wilfred James Naquin and Elizabeth Naquin, as the sole universal legatees and the independent co-executors of the entire estate.[1] Wilfred and Elizabeth filed a petition to probate the will and to be confirmed as co-independent executors on October 28, 2015. An order of Probate and letters of co-independent administration was signed by the district court on November 2, 2015.
On April 28, 2017, Elizabeth filed a petition for possession and rule to show cause, claiming therein that no debts encumbered the estate, and no further administration was necessary, but that she and Wilfred had been unable to reach any agreement on the division of the estate property. Elizabeth further claimed that shortly after the decedent's death, Wilfred moved into *914 the decedent's home with his family, living rent free.[2] Elizabeth also alleged that Wilfred had been farming on the property and keeping all of the profits for himself. Elizabeth prayed that Wilfred show cause as to why he should not show an accounting of his use of the property and why he and Elizabeth should not be placed into possession of their legacies in accordance with the will. Elizabeth attached a sworn detailed descriptive list of the estate to her petition.
Wilfred filed an opposition to the petition for possession and rule to show cause on June 20, 2017, wherein he claimed that, in his capacity as co-legatee, he did not consent to the filing of the petition. He also claimed that he was continuing the operation of the farm as an unincorporated business that he had run with the decedent, in which they shared profits and losses equally. Wilfred further found discrepancies and inaccuracies in Elizabeth's sworn detailed descriptive list. He therefore filed a motion to traverse the sworn detailed descriptive list on October 4, 2017. As a result, Elizabeth filed an amended and supplemental sworn detailed descriptive list on October 31, 2017.
After a hearing on the petition for possession and rule to show cause, the district court signed a judgment of possession on December 5, 2017, putting Wilfred and Elizabeth into undivided, equal shares of the estate, and terminating the succession. The judgment also stated that Wilfred and Elizabeth waived their rights to demand a final accounting. It is from this judgment that Wilfred has appealed.
ASSIGNMENTS OF ERROR
Wilfred cites three assignments of error:
1. The district court erred as a matter of law in ordering an administered succession to possession at a contradictory hearing before homologation of a final tableau of distribution on the petition for possession of only one of the two legatees.
2. The district court erred as a matter of law in ordering a discharge of the succession representatives, including the duty to file a final accounting, upon payment of the unpaid debts without a waiver by all legatees.
3. The district court erred as a matter of law in ordering payment of "all unpaid administrative expenses of the Succession including attorney's fees, court costs and any other expenses as enumerated in the First Amending and Supplemental Sworn Detailed Descriptive List" outside of a tableau of distribution to determine the amount and/or appropriateness of each administrative expense in a contested succession.
DISCUSSION
It shall be the duty of a succession representative to close the succession as soon as advisable. La. C.C.P. art. 3197. Heirs have the right to terminate the executor's administration at any time they desire to do so upon complying with the requirements of the law. In re Succession of Chambers , 2014-1030 (La. App. 3 Cir. 3/4/15), 160 So.3d 584, 586, writ denied, 2015-0694 (La. 6/1/15), 171 So.3d 263.
Wilfred and Elizabeth filed a petition to probate the last will and testament jointly; however, only Elizabeth filed a petition for possession. In that petition, Elizabeth claimed that all the debts of the succession had been paid and no further administration was necessary. She also averred that she and Wilfred had not been able to agree upon division of the estate *915 property. Wilfred argued in his opposition memorandum and at the hearing that his legal fees related to the succession were not included in the descriptive list, that the details of ownership in the immovable property had not been determined, and that all of the estate's liabilities had not been assessed. The record shows no demand on the succession by any creditor filed within one year of the date of the decedent's death, as required by La. R.S. 13:3721.[3]
The procedural law applicable to the instant case relates to testate successions with multiple representatives. Louisiana Code of Civil Procedure article 3031(A) states, in pertinent part:
When a testament has been probated or given the effect of probate... the court may send all of the legatees into possession of their respective legacies without an administration of the succession, on the ex parte petition of all the general and universal legatees... and each of them accepts the succession, and none of the creditors of the succession has demanded its administration.
A tableau of distribution has neither been filed nor homologated in the instant case. When no tableau in a testate succession has been homologated, La. C.C.P. art. 3372 controls the manner in which legatees can be placed into possession of the estate. Louisiana Code of Civil Procedure article 3372 states:
At any time prior to the homologation of the final tableau of distribution, the legatees in a testate succession may be sent into possession of all or part of their respective legacies upon filing a petition for possession as provided in Articles 3031 through 3035, except that the proceeding shall be contradictory with the executor. Upon the filing of such a petition, the court shall order the executor to show cause why the legatees should not be sent into possession. If the legatees are sent into possession of a part of their respective legacies, the executor shall continue to administer the remainder. (Emphasis added).
As indicated by the emphasized language, La. C.C.P. 3372 authorizes a judgment of possession only when "the legatees" petition the court for possession. In re Succession of Cannon , 2014-0826 (La. App. 1 Cir. 3/25/15), 166 So.3d 1107, 1111. In the instant case, only one legatee, Elizabeth, has petitioned the court on behalf of both legatees to be placed into possession of the estate. The district court's placing all of the legatees into possession, when all legatees have not joined in the petition for *916 possession, does not follow the procedure set forth in La. C.C.P. art. 3372.
We further note that the second order of the judgment states that the legatees were "discharged from their duties as Succession Representatives including any obligation the Succession Co-Independent Executors have to provide a final accounting." In the Louisiana Rules for Civil Proceedings in District Courts Rule 9.5 certification, counsel for Elizabeth acknowledged several objections by Wilfred to the judgment, including that he did not waive the final accounting or agree to termination of the administration. The objections in the Rule 9.5 certificate indicate that the legatees have not agreed to the proper distribution of the estate's assets, which completely contradicts the procedure clearly laid out by La. C.C.P. art. 3372.
The legatee's disagreements over the petition of possession, the discharge of administration, the final accounting, and the handling of unpaid debts (should there be any), all indicate to this Court that the district court prematurely put the legatees into possession. We therefore reverse the judgment of the district court and remand for further proceedings consistent with this opinion.
DECREE
The judgment of possession dated December 5, 2017, rendered by the Nineteenth Judicial District Court is reversed, and the matter is remanded for further proceedings. All costs of this appeal are assessed to the appellee, Elizabeth Naquin.
REVERSED AND REMANDED.

The decedent had four other children that he expressly excepted from inheritance.

Elizabeth was living in South Carolina throughout the litigation.

Also known as the "Dead Man's Statute," La. R.S. 13:3721 states:
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.